Argued January 3, reversed January 24, 1968

# NORMAN ANDERSON WEST, Jr., *Respondent, v.* GLADDEN, *Appellant.*

436 P. 2d 556

*Deane S. Bennett,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*John A. Bryan,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, C. J.

The plaintiff Norman Anderson West, Jr., was convicted of the commission of a crime, and on March 19, 1962, was sentenced to the state penitentiary for a period not to exceed five years. The sentence was then suspended by the trial court and he was placed on probation. On February 3, 1965, plaintiff was arrested for violating the terms of his probation. On March 2, 1965, the probation order was revoked and he was delivered to the penitentiary for execution of the sentence. On September 15, 1967, plaintiff filed his petition for a Writ of Habeas Corpus, alleging

that he was being illegally detained by the warden of the penitentiary by reason of the fact that he had served the maximum sentence imposed by the trial court. The trial court sustained the Writ and ordered the plaintiff discharged from the custody of the defendant, and the defendant has appealed.

Plaintiff's contention is that the time he was on probation must be considered as time served in the execution of the sentence under the provisions of ORS 144.390.

ORS 144.390 reads as follows:

"A prisoner recommitted for violation of parole, conditional pardon or probation shall serve out his sentence, and the time during which he was out on parole is not a part thereof."

The basis of plaintiff's contention is that, since the statute states that a prisoner "recommitted for violation of parole, conditional pardon or probation, shall serve out his sentence" and then specifically states that the time he was on parole is not to be considered in relation to his sentence, the time plaintiff was on parole must be considered as expressing the legislative intent that all time served on probation is to be taken into consideration as a part of the execution of the sentence. Plaintiff relies upon the maxim *expressio unius est exclusio alterius*.

The difficulty with this argument is at once apparent. ORS 137.370 provides that a person who has been sentenced to the penitentiary commences service of that sentence from the date of the delivery of his person to that institution. Also, ORS 137.510 expresses the previous holding of this court in *State v. Ludwig,* 218 Or 483, 344 P2d 764, to the effect that the circuit

court retains jurisdiction over the prisoner until he is delivered to the penitentiary.

■ ORS 144.390 refers to a "prisoner recommitted." These words disclose that this statute refers solely to persons who have been delivered to the penitentiary for execution of the sentence imposed in the circuit court. It is, therefore, clear that the legislative intent in enacting ORS 144.390 was to provide for those cases in which the Board of Parole and Probation had acted pursuant to its authority to grant parole after the convicted person has been delivered to the penitentiary and has no application to the authority of the circuit courts under a suspended execution of the sentence imposed as provided in ORS 137.510.

Again, ORS 144.400, which follows ORS 144.390, provides that "[t]he State Board of Parole and Probation may parole a violator of parole, conditional pardon or probation" without first returning him to the penitentiary. Such action, of course, would not be proper if the matter were still within the jurisdiction of the sentencing court where its previous order would have to be revoked.

To sustain the contention of the plaintiff would result in a conflict of jurisdiction not intended by the legislature.

■ The plaintiff also contends that the trial court's order should be sustained in that he was held in the county jail for more than 15 days after his arrest and before the order of probation was revoked, contrary to the provisions of ORS 144.370.

ORS 144.370 reads as follows:

"Upon issuing an order for the arrest and detention of any person under the provisions of ORS 144.350, the Director of Parole and Probation shall

proceed immediately to investigate for the purposes of ascertaining whether or not the terms of the parole, probation or conditional pardon have been violated. Within 15 days after the issuance of any such order, the detained person's parole, probation or conditional pardon shall either be revoked as provided by law or such person shall be released from detention."

■ The purpose of this statute is to provide that one arrested on the order of the Board of Parole and Probation shall not be held in custody for parole or probation violation beyond a reasonable time without a hearing; i.e., 15 days. The penalty provided, however, is only release from custody and not dismissal of the revocation proceedings.

Therefore, no intention on the part of the legislature to deny the trial court jurisdiction to determine the issue of violation of the order for parole or probation can be inferred.

The decree of the trial court is reversed and the plaintiff is remanded to the custody of the warden of the penitentiary.