*In re* DAVID DANIELS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DAVID DANIELS, Respondent-Appellant.)

First District (5th Division)    No. 61312

Opinion filed April 9, 1976.

James R. Streicker and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Respondent appeals from an order revoking his probation and committing him to the Department of Corrections, Juvenile Division. His main contentions are that (1) the trial court lost jurisdiction of the cause by failing to hold a hearing on the alleged violation within the 15-day period mandated by section 5—3(4) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(4)); and (2) the State failed to establish his accountability for the offense of aggravated battery.

The record reflects that in a prior, unrelated hearing, respondent had been found to be delinquent, declared a ward of the court and placed on probation for one year. Subsequently, a petition for supplemental relief was filed charging him with having violated his probation by committing

the offense of aggravated battery. He was ordered held in temporary detention pending a hearing on the probation violation. This hearing, held 18 days later, resulted in the revocation of his probation and his commission to the Department of Corrections.

OPINION

Section 5—3(4) of the Juvenile Court Act provides that:

> "The court shall conduct a hearing of the alleged violation of probation or of conditional discharge. The minor shall not be held in detention longer than 15 days pending the determination of the alleged violation."

It is respondent's contention that by failing to hold the dispositional hearing within the requisite 15-day period, the court lost jurisdiction to revoke his probation.

■■ We cannot agree with this contention. Rather, we believe the requirement that a dispositional hearing be held within 15 days where the minor is detained is not jurisdictional. In support of this conclusion, we note that similar time limitations contained in other provisions of the Juvenile Court Act have been held not to be jurisdictional.

One of these is former section 4—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—2)[1], which mandated that a dispositional hearing be commenced within ten "judicial" days in the case of a minor held in detention and that the minor be released from custody if the hearing was not commenced within an additional ten judicial days. As the Council Commentary to this section notes, however, the remedy of a minor held in excess of the ten additional days was not to be discharged but only to be released from custody. (Ill. Ann. Stat., ch. 37, §704—2 (Smith-Hurd 1975-76 Supp.).) See also *In re Nyce*, 131 Ill. App. 2d 481, 268 N.E.2d 233, where it was held that the failure of the State to comply with the time limitations prescribed by sections 3—1, 3—5, and 4—2 of the Act (Ill. Rev. Stat. 1973, ch. 37, pars. 703—1, 703—5, 704—2) does not deprive the court of jurisdiction.

■■ Section 4—2 is similar to section 5—3(4) in that both mandate a maximum period of time that a minor may be held in custody pending judicial action. It is our view that, just as with section 4—2, the legislature in enacting section 5—3(4) desired to merely expedite proceedings in cases in which minors are held in detention, but did not intend to establish a jurisdictional bar if this time limit were exceeded. We are of the belief that the remedy available to a minor held in excess of the statutory period provided in section 5—3(4) is release from detention and not immunization from further proceedings. Further, we note a corollary

---

[1] Section 4—2 was amended, effective October 1, 1975.

provision in section 4—2 requiring that an adjudicatory hearing be set within 30 days in the case of a minor not held in custody. Our supreme court has construed this limitation as directory rather than jurisdictional. *In re Armour*, 59 Ill. 2d 102, 319 N.E.2d 496.

Based on the above-cited authorities, we cannot accept respondent's contention that the trial court was deprived of jurisdiction when a hearing on the alleged probation violation was not held within 15 days.

Respondent also contends that the evidence failed to establish his accountability for aggravated battery. At trial, the complaining witness testified that respondent approached him as he was seated on a street curb. The witness stated that he was watching his wife, who was talking to someone down the street, when for no apparent reason respondent began circling him. The witness then stood up and, when respondent backed away, the witness was shot by another youth carrying a shotgun, who was seated on a bicycle beneath a streetlight a short distance away. After the shooting, the witness made a remark to respondent which was answered by the youth on the bicycle. The witness and the two youths then looked at each other for several seconds, and then respondent and the other youth fled the scene together. Following his release from the hospital, the complaining witness again saw respondent and the other youth together in the neighborhood and informed the police.

In his own behalf, respondent presented an alibi defense that he was home on the evening in question, and that although he knew the other youth, he was not with him at the time of the shooting.

Section 5—2(c) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 5—2(c)) provides that a person is accountable for the conduct of another when:

> "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

■■ ■ We believe the testimony of the complaining witness was sufficient to justify the court's determination that respondent acted in concert with the youth who shot complainant. The court could properly have concluded from the evidence that respondent's actions were designed to distract the complaining witness from his assailant. The fact that both of the youths then fled the scene together is further indication that they acted in concert. The State has the burden of proving an alleged probation violation by a preponderance of the evidence (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)), and we are satisfied that this burden was met by the evidence presented.

The contention of respondent that his identification by the complaining witness was not credible is without merit. Although the latter's

identification was not made until one week later, after his release from the hospital, it appears from the record that he had ample time and opportunity to observe respondent at the time of the occurrence. The determination of credibility is the function of the trial court in a bench trial (*Smith v. Realcoa Construction Co.*, 13 Ill. App. 3d 254, 300 N.E.2d 855), and we will not disturb that determination unless it is against the manifest weight of the evidence (*People v. Crowell*, 53 Ill. 2d 447, 292 N.E.2d 721; *People v. Guido*, 25 Ill. 2d 204, 184 N.E.2d 858).

For the reasons stated, the order revoking respondent's probation and committing him to the Department of Corrections is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.