THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD STUFFLEBEAN, Defendant-Appellant.

Fifth District    No. 78-260

Opinion filed July 13, 1979.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Ronald Stufflebean, appeals from the order of the Circuit Court of Madison County revoking his probation.

In April 1976, defendant pleaded guilty to burglary and on June 28, 1976, was placed on probation for a period of two years. On June 10, 1977, the State filed a petition to revoke probation, alleging that defendant had committed the offense of burglary. After defendant admitted guilt to that offense following plea negotiations, his probation was modified to require him to spend 30 days in the county jail.

On January 6, 1978, defendant was arrested for robbery, for which he was subsequently convicted, and was released after posting a cash bond. Two weeks later, a second petition to revoke probation was filed, alleging the commission of the robbery as the probation violation. On January 26, 1978, defendant was arrested on a warrant issued on this second petition and remained in the county jail until February 24, 1978, a period of 31 days, at which time he was released on a recognizance bond.

On May 25, 1978, defendant filed a motion to dismiss the petition to revoke probation, citing as grounds for dismissal the failure of the State to conduct a hearing on the petition within 14 days of his incarceration following his arrest for the alleged probation violation as required by section 5—6—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—6—4(b), effective February 1, 1978). Following a hearing, the court denied defendant's motion. At the same time, the court conducted a hearing on the petition to revoke. The court thereafter revoked probation and sentenced defendant to a four-year term of imprisonment to run concurrently with the four-year term imposed on the

robbery conviction. It further awarded defendant credit for the time spent in jail while on probation but denied any credit for nonjail time.

Defendant's main contention is that the order revoking probation must be reversed because the trial court erred in refusing to grant defendant's motion to dismiss the petition for failure to conduct a hearing within 14 days of defendant's incarceration as required by section 5—6—4(b). He argues that this section is analogous to the speedy-trial statute and therefore mandates a dismissal of the petition upon failure of the court to hold a hearing on that petition within the requisite time period. The State argues that the court properly denied defendant's motion because the statute did not come into effect until after defendant was incarcerated. It also argues that the statute, even if applicable, does not authorize the dismissal of a petition upon failure to initiate proceedings within the 14-day period. Lastly, it maintains that defendant can have no cause to complain of the delay where he failed to make any effort to expedite his release from jail or probation revocation hearing.

■■ While it is somewhat unclear whether section 5—6—4(b) applies at all in this situation as its effective date is February 1, 1978, which is five days following defendant's first day of incarceration, we need not address this issue where the statute, in any event, cannot be interpreted as providing the remedy requested by defendant. Section 5—6—4(b), in relevant part, states as follows:

> "The court shall conduct a hearing of the alleged [probation] violation. * * * In any case where an offender remains incarcerated as a result of his alleged violation of the court's earlier order of probation, supervision, or conditional discharge, such hearing shall be held within 14 days of the onset of said incarceration."

A careful reading of the statute reveals that the legislature did not provide any remedy for the failure of the court to hold a hearing on the petition's allegations within the stated time period. While this statute likewise does not expressly prohibit all remedies for a violation of its provisions, we believe it is clear that the legislature did not intend to authorize the dismissal of the petition in the instant case. The purpose of section 5—6—4(b) is to prevent the State from incarcerating an individual for an excessive period of time pending a hearing on the merits of a petition to revoke probation. Clearly then, the remedy available to an accused upon remaining in a county jail for a period exceeding the statutory limitation would be an immediate release from custody, not a dismissal of the charge. This, we believe, is consistent with the legislative intent.

An analogous provision of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(4)) lends support to this conclusion. Under section 5—3(4), if a juvenile is placed on probation and allegedly violates one of

its conditions, the court must conduct the ensuing probation revocation hearing within 15 days of the juvenile's detention for the alleged violation. (*People v. Dean*, 52 Ill. App. 3d 383, 367 N.E.2d 419 (1977).) In *Dean*, the juvenile contended that the failure to conduct a hearing on the revocation of his probation within 15 days of his detention deprived the court of jurisdiction and entitled him to a dismissal of the charge. The court, however, held that violations of section 5—3(4) "are not jurisdictional, but rather entitle the minor to immediate release from detention." (52 Ill. App. 3d 383, 386, 367 N.E.2d 419, 422.) Although *Dean* involved an interpretation of the probation provisions of the Juvenile Court Act, we find it so closely analogous to the situation involving custody of an adult following an arrest for a probation violation to warrant its application under the present circumstances. Accordingly, we hold that the trial court properly denied defendant's motion to dismiss the petition to revoke probation.

■■ Defendant next argues that the trial court abused its discretion in denying him credit for nonjail time served while on probation. Under section 5—6—4(i) of the Uniform Code of Corrections, (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—6—4(i)), the trial court has broad discretion in choosing to grant or refuse credit for nonjail time served while on probation in cases where defendant is sentenced to imprisonment following probation revocation. (*People v. Scheib*, 59 Ill. App. 3d 104, 375 N.E.2d 132 (1978), *rev'd in part on other grounds*, 76 Ill. 2d 244 (1979).) We find no abuse of discretion in the court's refusal to grant credit for nonjail time in the present case where defendant has been found to violate the conditions of his probation on two occasions by committing the offenses of burglary and robbery.

■■ Defendant also argues the case must be remanded to the trial court for a new sentencing hearing because the presentence report did not comply with section 5—3—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp. ch. 38, par. 1005—3—2(a)), which sets forth the requirements of such reports. Defendant, however, failed to object to the form or content of the report in the trial court and therefore waives consideration of this issue on appeal. (*People v. Placek*, 43 Ill. App. 3d 818, 357 N.E.2d 660 (1976).) Furthermore, defendant has not shown how he was prejudiced by any alleged deficiency in the presentence report where the four-year prison term was an appropriate sentence considering defendant's prior criminal behavior and his violations of probation.

Lastly, we note that defendant's robbery conviction, which served as the basis for the revocation of probation, is presently being appealed. Defendant argues that if this court ultimately reverses defendant's robbery conviction the order revoking probation must also be reversed. We need not decide this issue as it is not presently before us.

For the reasons stated, the order of the Circuit Court of Madison County is affirmed.

Affirmed.

KUNCE and KASSERMAN, JJ., concur.