THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RORY COMPTON, Defendant-Appellee.

Fifth District   No. 79-68

Opinion filed November 13, 1979.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

The State appeals from the dismissal of its petition to revoke defendant's probation.

Defendant pleaded guilty to robbery and on June 8, 1978, was sentenced to two years probation on condition that the first 60 days be spent in the county jail. On October 11, 1978, the State filed a petition to revoke probation and an arrest warrant was issued pursuant to section 5—6—4(a)(2) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(a)(2)). Defendant was also charged with burglary in an information. Defendant was unable to post bond on either the petition to revoke or the burglary charge. On November 22, 1978, a hearing was conducted on the petition to revoke probation. At the close

of the hearing, the court found that the State had proved its case by a preponderance of the evidence; however, the defendant moved to dismiss the petition for failure of the State to bring him to a hearing on the petition to revoke within 14 days of arrest as provided by section 5—6—4(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(b)). On December 1, 1978, the court dismissed the petition to revoke probation.

■■ In the recent case of *People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 392 N.E.2d 414, we had the opportunity to discuss whether a trial court, pursuant to section 5—6—4(b), could properly dismiss a petition to revoke probation when a defendant did not receive a hearing within 14 days of his incarceration. We stated:

> "A careful reading of the statute reveals that the legislature did not provide any remedy for the failure of the court to hold a hearing on the petition's allegations within the stated time period. While this statute likewise does not expressly prohibit all remedies for a violation of its provisions, we believe it is clear that the legislature did not intend to authorize the dismissal of the petition in the instant case. The purpose of section 5—6—4(b) is to prevent the State from incarcerating an individual for an excessive period of time pending a hearing on the merits of a petition to revoke probation. Clearly then, the remedy available to an accused upon remaining in a county jail for a period exceeding the statutory limitation would be an immediate release from custody, not a dismissal of the charge." (73 Ill. App. 3d 801, 803, 392 N.E.2d 414, 416.)

We find *Stufflebean* controlling in the present case and therefore hold that the trial court erred in dismissing the probation revocation petition.

■■ The State requests this court to remand the cause with directions to enter judgment on the petition to revoke based on the trial court's finding that defendant violated his probation, and tax costs accordingly. Defendant contends that costs in the appellate court cannot be assessed against a defendant in cases where the State, rather than a criminal appellant, has taken the appeal. As authority for his position, defendant relies on *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, for the proposition that costs may be imposed in an appellate court against a criminal defendant only when he is an appellant and there is an affirmance of his conviction. The State replies that *Nicholls* does not preclude the imposition of costs against defendant and argues that section 8 of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat. 1977, ch. 53, par. 8) allows for assessment of costs even when the State prosecutes on appeal. We agree. This section provides in relevant part:

"State's attorneys shall be entitled to the following fees * * *:

* * *

For each case of appeal taken from his county or from the county to which a change of venue is taken to his county to the Supreme or Appellate Court when *prosecuted* or defended by him, $50.

For each day actually employed in the trial of a case, $10; in which case the court before whom the case is tried shall make an order specifying the number of days for which a per diem shall be allowed.

* * *

All the foregoing fees, shall be taxes as costs to be collected from the defendant, if possible, upon conviction." (Emphasis added.)

The above language expressly authorizes the assessment of costs in cases in which the State has prosecuted an appeal. This language, we believe, is sufficiently broad to encompass a State appeal from an adverse ruling in a probation revocation proceeding. The language of *Nicholls* that costs should be assessed on appeal "against an unsuccessful criminal appellant upon affirmance of his conviction" (71 Ill. 2d 166, 174, 374 N.E.2d 194, 197) does not preclude our holding that the State is entitled to costs. *Nicholls* did not address the situation where the State rather than defendant prosecutes on appeal. Furthermore, *Nicholls* involved among other matters an appeal by a defendant in a post-conviction proceeding which, we note, is civil in nature. (*People v. Matthews* (1976), 37 Ill. App. 3d 1024, 347 N.E.2d 385.) If section 8 of "An Act concerning fees and salaries * * *" does not preclude the assessment of costs against a defendant in a post-conviction proceeding, we find no justification for denying costs to the State upon its successful appeal from the trial court's dismissal of a petition to revoke a defendant's probation.

For the reasons stated, the judgment of the Circuit Court of St. Clair County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KASSERMAN and HARRISON, JJ., concur.