THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BERL SLACK, JR., Defendant-Appellant.

Fifth District No. 79-209

Opinion filed March 3, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's
Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (William S. Zale and
Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Com-
mission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant, Berl Slack, Jr., pleaded guilty to the offense of burglary
on October 23, 1978, and was placed on probation for a period of two
years on November 30, 1978. On February 2, 1979, he was arrested for a
second burglary, and the charge was filed on February 5, 1979. Three
days later, February 8, a petition to revoke defendant's probation was
filed, alleging the commission of the burglary as the probation violation. A

probation revocation hearing was held on February 23, and the court revoked probation.

On March 6, 1979, a jury trial was held on the second burglary, and defendant was found guilty. A sentencing hearing was held for both cases on April 20, 1979, and defendant was sentenced to concurrent terms of seven years' imprisonment in each case.

On appeal, defendant contends that the trial court erred in failing to dismiss the petition to revoke his probation, where defendant had been incarcerated for more than 14 days between the filing of the petition and the revocation hearing, in violation of section 5—6—4(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(b)). The defendant also claims that he was denied a fair sentencing hearing, and that the sentences imposed were excessive.

Section 5—6—4(b) of the Unified Code of Corrections, in relevant part, provides as follows:

> "The court shall conduct a hearing of the alleged [probation] violation. * * * In any case where an offender remains incarcerated as a result of his alleged violation of the court's earlier order of probation, supervision, or conditional discharge, such hearing shall be held within 14 days of the onset of said incarceration."

■■ The chronology of the case on appeal makes it apparent that defendant was not incarcerated "as a result of his alleged violation of the court's earlier order of probation," but as a result of his arrest on the substantive, subsequent burglary for which the petition to revoke was filed. Defendant was placed in custody for burglary on February 2, for which he was charged on February 5. Only subsequently, on February 8, was the petition to revoke filed. Where incarceration is based on the substantive charge rather than the petition to revoke, the statute is, by its terms, inapplicable. The defendant's argument that the State could always nullify or circumvent the statute by filing a charge on the substantive offense is not valid. Oftentimes, a charge of probation violation does not involve a subsequent crime, and in such cases the statute would always retain its effect.

Moreover, even if defendant's incarceration had resulted from the probation-revocation charge, the only remedy for violation of the 14-day limit of the statute is immediate release from custody, and the violation would not be grounds for dismissal of the petition to revoke. As we recently stated in the case of *People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 803, 392 N.E.2d 414, 416:

> "* * * The purpose of section 5—6—4(b) is to prevent the State from incarcerating an individual for an excessive period of time pending a hearing on the merits of a petition to revoke probation.

Clearly then, the remedy available to an accused upon remaining in a county jail for a period exceeding the statutory limitation would be an immediate release from custody, not a dismissal of the charge. This, we believe, is consistent with the legislative intent." Accordingly, we find that the trial court properly denied defendant's motion to dismiss the petition to revoke probation.

■ We believe, however, that defendant is entitled to a new sentencing hearing. As he points out, the trial judge did not specify the reasons for his sentencing determination on the record. At the sentencing hearing, the defendant presented witnesses in mitigation, and both defense counsel and the prosecutor presented arguments in aggravation and mitigation. The emphasis of the hearing was on defendant's rather extensive prior record. However, in imposing sentence on the substantive burglary, the judge's statement was limited to the following:

"The Court has reviewed the Presentence Report in this case, heard the arguments of counsel, and the Court has the duty now to pronounce sentence in this case. The Court will sentence you, Berl Slack, to the Illinois Department of Corrections for a period of seven years, and there to remain until discharged according to law."

In imposing sentence on the prior burglary, for which probation was revoked the judge's statement was similar.

■ The Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—4—1(c) and 1005—8—1(b)) provides that a sentencing judge shall set forth on the record his reasons for imposing a particular sentence in felony cases. The basic purpose behind this requirement is to enable reviewing courts to determine what went into the sentencing decision and whether it is consistent with statutory objectives. (*People v. Meeks* (1979), 75 Ill. App. 3d 357, 393 N.E.2d 1190, 1197, *appeal allowed* (1979) 79 Ill. 2d 623; *People v. Rickman* 73 Ill. App. 3d 755, 391 N.E.2d 1114, 1120.) The provisions of the statute appear to make some statement of sentencing considerations mandatory.

Moreover, this requirement may also serve a second salutory objective. In setting forth elements of defendant's conduct which have gone into his sentencing consideration, the judge explains to defendant exactly how his actions have led to the sentence imposed upon him. Ideally, this precludes any belief by defendant that his sentence was the result of an arbitrary decision by the judge. If defendant can thereby conclude that his own actions have led directly to the sentence he received, and that he alone is responsible for that sentence, his rehabilitation may be facilitated. Where, as here, no explanation of the sentencing factors relied upon is given, defendant may attribute his sentence to arbitrariness or persecution, never connecting the sentence to

the crime. This is particularly likely where the sentence is imposed as much as several months after the crime was committed.

Therefore, it is the finding of this court that the judgment of the Circuit Court of Madison County be affirmed in part and reversed in part, and that this matter be remanded for a proper sentencing hearing under the Unified Code of Corrections.

Affirmed in part, reversed in part, and remanded with directions.

KASSERMAN and HARRISON, JJ., concur.