*In re* NICK McCALL *et al.*, Minors—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* NICK McCALL *et al.*, Defendants-Appellees.)

First District (4th Division)   Nos. 80—2667, 80—2669, 81—1151 cons.

Opinion filed July 22, 1982.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Michele A. Grimaldi, and Thomas J. Murphy, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Leslie J. Starks and Donald Honchell, Assistant Public Defenders, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

In this consolidated appeal, the State appeals the dismissal by the juvenile division of the circuit court of Cook County of the petition for adjudication of wardship of three minor defendants, Nick McCall, Constance Lindley, and Leroy Bono. The State argues that the trial court's dismissal of the charges against defendants on the ground that the detention hearing was not held within the 36 hours required by the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 703—5(1)) was an inappropriate remedy for the violation. Defendant McCall argues in addition that the State's filing of a late notice of appeal in his case was improper, and therefore the appeal as to McCall should be dismissed. We vacate the order allowing the State to file a late notice of appeal and dismiss the appeal in the case of defendant McCall, and reverse and remand for hearings on the State's petitions for adjudication of wardship in the cases of defendants Lindley and Bono.

FACTS

The three minor defendants, McCall, Lindley, and Bono, were arrested and taken into custody by Chicago police officers on March 24, 1980, at 4:10 p.m. They were charged with burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1) in that they knowingly entered a building

with the intent to commit theft therein. Petitions for adjudication of wardship were filed, and a hearing was held on the petitions on March 26, 1980, at 1:30 p.m.

On July 15, 1980, McCall's attorney filed a motion to dismiss the petition for adjudication of wardship. The motion stated that McCall was held in custody for 45 hours before he was given a detention hearing, which was a violation of the following Juvenile Court Act provision:

> "Unless sooner released, a minor *** taken into temporary custody must be brought before a judicial officer within 36 hours, exclusive of Saturdays, Sundays and court-designated holidays, for a detention hearing or shelter care hearing to determine whether he shall be further held in custody." (Ill. Rev. Stat. 1979, ch. 37, par. 703—5(1).)

He also argued that as a result of the State's failure to comply with this statute, McCall was denied due process of law. On July 25, 1980, the circuit court of Cook County, juvenile division, dismissed the charges against McCall, holding that the nine-hour delay beyond the authorized 36-hour period before holding a detention hearing was a violation of due process. On September 11, 1980, the charges against Lindley and Bono were dismissed for the same reason.

The State filed a timely notice of appeal in the Lindley and Bono cases on October 9, 1980. On May 12, 1981, the State moved this court to consolidate the Lindley and Bono appeals with the McCall case. On May 13, 1981, the State petitioned this court for leave to file notice of appeal in the McCall case instanter. On May 21, 1981, this court entered an order allowing the State to file its notice of appeal instanter as the State had requested.

OPINION

I

Defendants contend that the appeal by the State in the case of defendant McCall should be dismissed for failure of the State to file its late notice of appeal in a timely manner. We agree. Illinois Supreme Court Rule 606(c) (73 Ill. 2d R. 606(c)), under which the State filed its "petition for leave to file the notice of appeal instanter" provides as follows:

> "(c) Extension of Time in Certain Circumstances. On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of ap-

peal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court *within six months of the expiration of the time for filing the notice of appeal,* in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Emphasis added.)

█ The circuit court dismissed the charges against McCall on July 25, 1980. The State requested leave to appeal on May 31, 1981, almost 10 months later and well beyond the maximum seven-month period provided by the Rule for this court to permit a late notice of appeal to be filed.

We have reviewed the cases cited by the State to support its argument that dismissal of its appeal as to defendant McCall would be "a travesty of justice" and have concluded that they do not support the State's position. These cases (*e.g., People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267; *People v. Joseph* (1975), 37 Ill. App. 3d 315, 337 N.E.2d 110) involved appeals by defendants whose failure to file a timely notice of appeal was demonstrably excusable[1] and in which no prejudice would result from the reviewing court's granting of defendants' petitions. The State here offers no excuse for its failure to file a timely notice of appeal of the dismissal of the charges against McCall.

Although we agree with the State's contentions that this appeal has merit, and that a societal interest exists in guiding and rehabilitating the minor defendant, we find that we are without jurisdiction to hear the State's appeal as to defendant McCall. Filing of the notice of appeal is jurisdictional. (73 Ill. 2d R. 606(a).) This court has no discretion to extend its jurisdiction (*People v. Williams* (1980), 82 Ill. App. 3d 681, 402 N.E.2d 440), and failure to file a timely notice of appeal cannot be waived by the parties (*People v. Ilg* (1965), 60 Ill.

---

[1]Defendant Brown had not been advised by the trial court of the requirement that he file a notice of appeal within 30 days after entry of judgment against him (73 Ill. 2d R. 606(b)), and he had filed his notice of appeal 46 days after judgment was entered. The Illinois Supreme Court held that the dismissal of Brown's appeal by the appellate court was an abuse of discretion.

Defendant Joseph, who was indigent, had filed a *pro se* notice of appeal 35 days after entry of judgment against him, as soon as he discovered that his trial counsel had not done so. When the appellate court found that appellate counsel had never been appointed for Joseph, it appointed the State Appellate Defender to represent him. Twenty-six days later, Joseph's counsel was permitted to file a late notice of appeal on his behalf, 13 days after expiration of the six-month period.

App. 2d 295, 210 N.E.2d 20). Accordingly, we find unavailing the State's argument that it would be an abuse of this court's discretion to dismiss the appeal because McCall did not object to it at the time notice was filed. Because the procedures for effecting one's right of appeal and invoking the appellate court's jurisdiction are provided by the supreme court through its rule-making power, the conditions of the rules must be complied with. (*People v. Carter* (1980), 91 Ill. App. 3d 635, 415 N.E.2d 17.) Because the conditions of the rule were not complied with by the State, we dismiss the State's appeal in the case of defendant McCall.

## II

In the appeals of defendants Lindley and Bono, we hold that dismissal of the charges against the minor defendants was not a proper remedy for the State's failure to hold a detention hearing within 36 hours after they were taken into custody. At the hearing on defendants' motion to dismiss the State's petition for adjudication of wardship, which was granted, the trial court found that the State had violated the 36-hour limitation of the Juvenile Court Act, and had thereby violated defendants' due process rights. We disagree.

Defendants' argument that their due process rights were violated is entirely unsupported in their appellate brief. Defendants quote the statement in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, that a trial court has the authority to dismiss a criminal indictment where there has been a denial of due process. However, defendants ignore *Lawson's* further statement that the defendant must make a clear showing of actual and substantial prejudice. Defendants in this case have not demonstrated that they suffered any prejudice. Furthermore, defendants themselves point out in their brief that "*Lawson* \*\*\* [is] inapplicable since the prejudicial delays \*\*\* [it] examined occurred prior to arrest or confinement." We are unable to discern any merit in this argument by defendants.

■■ The 36-hour limitation is mandatory. (*People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 414 N.E.2d 157.) The statute itself provides a remedy for its violation: "The minor must be released from custody at the expiration of the 36 \*\*\* hour period \*\*\* if not brought before a judicial officer within that period." (Ill. Rev. Stat. 1979, ch. 37, par. 703—5(4).) Because violation of the statute does not deprive the court of jurisdiction over the minor (*People v. Dean* (1977), 52 Ill. App. 3d 383, 367 N.E.2d 419; *In re Daniels* (1976), 37 Ill. App. 3d 975, 347 N.E.2d 479), we find that dismissal of the charges against defendants was an inappropriate remedy. The proper remedy for vio-

lation of the 36-hour rule is to release the juvenile defendant from custody prior to the adjudicatory hearing. (*People v. Clayborn* (1980), 90 Ill. App. 3d 1047, 414 N.E.2d 157.) We hold that dismissal of the charges against defendants was not warranted by the nine-hour delay before holding their detention hearing. Accordingly, as to defendants Lindley and Bono, we reverse and remand to the circuit court for hearings on the State's petitions for adjudication of wardship of these defendants.

Vacated and dismissed in part.

Reversed and remanded in part.

JOHNSON, P. J., and ROMITI, J., concur.