The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

James William CLARK, Defendant-Appellee.

No. 81SA88.

Supreme Court of Colorado, En Banc.

Dec. 6, 1982.

Stuart A. VanMeveren, Dist. Atty., Frank H. Oldham, Chief Deputy Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Stephanie H. Yukawa, Deputy State Public Defender, Fort Collins, for defendant-appellee.

HODGES, Chief Justice.

The People appeal a judgment by the trial court dismissing a complaint to revoke probation based upon the alleged commission of a burglary subsequent to the burglary conviction for which defendant Clark received probation. We reverse.

On November 3, 1980, the defendant was placed on probation for three years after conviction of a class four felony, second-degree burglary. Ten days later, he was charged in another burglary allegedly committed on the same date he was placed on probation. On November 25, 1980, pursuant to section 16–11–205, C.R.S.1973 (1978 Repl.Vol. 8), a complaint to revoke the defendant's probation was filed in the trial court.

On December 1, 1980, defendant was brought before the trial court and advised of the petition. Being unable to post bail, he was held in custody until December 15, 1980, which was the date set for hearing on the complaint to revoke probation. On that date the People were unprepared to proceed and no witnesses were called nor was any evidence presented. The People indicated that if the defendant wanted a hearing, a continuance would be needed. However, the People made no actual request for a continuance.

Pursuant to section 16–11–206(4), C.R.S. 1973, the defendant asserted his statutory right to a revocation hearing within 15 days, and thus moved to dismiss the complaint. The trial court, a visiting judge, granted this motion to dismiss the complaint.

On December 19, 1980, an identical complaint was filed. Defendant was arrested and brought before the trial court, a different judge, on January 5, 1981, and moved that the new complaint be dismissed. The trial court granted the motion and entered a judgment dismissing with prejudice the new complaint. It is from this judgment that the People appeal. The People urge that this judgment should be reversed because, as a matter of law under the facts here, a complaint for revocation of probation may be refiled after a dismissal for failure to comply with the 15-day requirement of the statute.

■ Because the original petition was dismissed solely on a procedural ground, no double jeopardy issue is involved. *People v. Garner*, 187 Colo. 294, 530 P.2d 496 (1975); *People v. Abrahamsen*, 176 Colo. 52, 489 P.2d 206 (1971); *Krutka v. Spinuzzi*, 153 Colo. 115, 384 P.2d 928 (1963).

■ The defendant maintains that a refiling of the complaint is a *per se* violation of section 16–11–206(4), C.R.S.1973 (1978 Repl.Vol. 8), which states:

"If the probationer is in custody, the hearing *shall* be held within fifteen days after the filing of the complaint, unless delay or continuance is granted by the court at the instance or request of the probationer or for other good cause found by the court justifying further delay." [Emphasis supplied.]

Certainly the use of the word "shall" in a statute usually is deemed to involve a mandatory connotation. *Swift v. Smith*, 119 Colo. 126, 201 P.2d 609 (1949). The hearing must be held within 15 days if the probationer is in custody. The statute, however, does not address what sanction, if any, is to be imposed for failure to hold the hearing within 15 days.

■ Under substantially similar factual situations, it has been held in other states that if an alleged probation violator has been held in custody up to the statutory time limit and has not had a hearing, he must be immediately released from custody, but the complaint may remain pending or be refiled. Only custody is forfeited if a hearing is not held in time. *See West v. Gladden*, 249 Or. 18, 436 P.2d 556 (1968); *People v. Stuffelbean*, 73 Ill.App.3d 801, 29 Ill.Dec. 857, 392 N.E.2d 414 (1979); *In Interest of Daniels*, 37 Ill.App.3d 975, 347 N.E.2d 479 (1976); *Aguilar v. State*, 621 S.W.2d 781 (Tex.Cr.App.1981); *Carney v. State*, 573 S.W.2d 24 (Tex.Cr.App.1978); *Grose v. Stack*, 286 So.2d 220 (Fla.Dist.Ct. App.1973). We hold that the proper sanction for violation of the statute is release of the probationer from custody and not dismissal of the petition. Therefore, under the circumstances of the case before us, where the first dismissal of the complaint was improper, we rule that the trial court improperly dismissed the new complaint to revoke this defendant's probation.

Any pattern of repeated filings, or any showing of harassment or prejudice to a defendant might justify a different result. This record reveals nothing of this nature.

Judgment reversed.