2022 IL App (2d) 210675
No. 2-21-0675
Opinion filed March 7, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* E.C.-F. and N.C.-F., Minors | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | Nos. 21-JA-126 |
| | ) | 21-JA-127 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Abby F., | ) | Jorge L. Ortiz, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Schostok and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    Respondent, Abby F., appeals from the trial court's denial of her motion to vacate its order placing temporary custody of her minor children, E.C.-F. and N.C.-F., with the Department of Children and Family Service (DCFS). For the reasons that follow, we affirm.

¶ 2                        I. BACKGROUND

¶ 3    On June 14, 2021, the State filed petitions for the adjudication of wardship and a temporary custody hearing, alleging that E.C.-F. and N.C.-F. were neglected minors under section 2-3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-3(1)(b) (West 2020)) and abused minors as defined by section 2-3(2)(i) of the Act (*id.* § 2-3(2)(i)). Protective custody of the minors was

taken on June 11, 2021. A shelter care hearing was held on June 15, 2021, after which temporary custody was granted to DCFS.

¶ 4 Respondent moved to vacate the temporary custody order on the ground that the hearing failed to comply with section 2-9 of the Act, which provides in pertinent part:

"(1) Unless sooner released, a minor as defined in Section 2-3 or 2-4 of this Act taken into temporary protective custody must be brought before a judicial officer within 48 hours, exclusive of Saturdays, Sundays and court-designated holidays, for a temporary custody hearing to determine whether he shall be further held in custody.

\*\*\*

(3) The minor must be released from temporary protective custody at the expiration of the 48 hour period specified by this Section if not brought before a judicial officer within that period." *Id.* § 2-9.

Respondent argued that the minors were not brought before the court for the temporary custody hearing within 48 hours of being taken into protective custody.

¶ 5 The trial court denied respondent's motion. Following the entry of the court's dispositional ruling on November 16, 2021, respondent appealed.

¶ 6 Additional facts are provided in the "Analysis" section.

¶ 7 II. ANALYSIS

¶ 8 The State challenges our jurisdiction to hear this appeal on the ground, *inter alia*, that the notice of appeal failed to specify the temporary custody order as the judgment or order appealed from. We have a duty to consider our jurisdiction and to dismiss an appeal if this court lacks jurisdiction. *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 16. Our jurisdiction extends to judgments or orders that may reasonably "be inferred from the notice as intended to be presented

for review on the appeal," even if not explicitly identified in the notice of appeal. (Internal quotation marks omitted.) *In re Custody of R.W.*, 2018 IL App (5th) 170377, ¶ 47. An unspecified order may be reviewed if it is a "step in the procedural progression leading to the judgment[s] specified in the notice of appeal." (Internal quotation marks omitted.) *Id.*

¶ 9       Here, the order denying respondent's motion to vacate the court's temporary custody order was an order entered during the proceedings leading to the judgment specified in the notice of appeal—namely, the dispositional ruling making the minors wards of the court and giving legal guardianship to DCFS. (That the order is a "step in the procedural progression" is unmistakably shown on the circuit court docket sheet received in this court with the notice of appeal and made part of the record on appeal.) Accordingly, we have jurisdiction to review the order.

¶ 10      The State further argues that the order is not reviewable because the dispositional ruling rendered it moot. Although the issue of whether temporary custody was authorized is arguably moot, we choose to consider it under the public interest exception to the mootness doctrine. *Cf. People v. Clayborn*, 90 Ill. App. 3d 1047, 1052 (1980) (holding that the detention of a juvenile is a matter of public concern and a determination of the issue will benefit public officials and judges who, due to the time constraints imposed by the Act, are likely to face the problem in the future); accord *In re Dexter L.*, 334 Ill. App. 3d 557, 558 (2002).

¶ 11      Respondent erroneously argues on appeal that the shelter care hearing was held on June 14, 2021; if that were the case, the hearing would have been timely, since the minors were taken into protective custody on June 11, 2021, and 48 hours, excluding the weekend, would not run until June 15, 2021. The record, however, shows that the hearing was, in fact, scheduled for and held on June 15, 2021. Given that the minors were taken into protective custody at 12:30 p.m. on

June 11, 2021, the hearing needed to be held by 12:30 p.m. on June 15, 2021, in order to comply with the statutory time limit.

¶ 12    The hearing was scheduled for 11 a.m. on June 15, 2021. It is not disputed that everyone essential to the hearing, including respondent, the DCFS caseworker, the guardian *ad litem* for the minors, and the other attorneys, was present at 11 a.m. on June 15, 2021. The court's temporary custody order, entered on June 15, 2021, states that the matter came before the court at 12:30 p.m. The time stamp on the transcript of the hearing reflects a starting time of 12:43 p.m. The court stated in ruling on the motion that the hearing was delayed "because the Court had so many cases that day" and had worked straight from 9 a.m. without a break "trying to work through the call and get to the hearing."

¶ 13    Respondent cites no case with remotely similar facts, relying, rather, on *In re Austin D.*, 358 Ill. App. 3d 794 (2005) (addressing whether a shelter-care ruling constitutes a ruling on a substantive issue for purposes of filing a motion for substitution of judge and discussing in *dicta* the statutory timing requirements for a detention hearing), and *Clayborn*, 90 Ill. App. 3d 1047 (applying the statutory timing restrictions in a case that was continued due to the unavailability of a witness). Here, everyone essential to the matter was present for the timely docketed hearing, and the court's efforts to get to the case were thwarted only by its extensive court call. See *id.* at 1051 ("There might be instances in which substantial compliance would have to be tolerated, such as where the normal functioning of the courts break down."). No party was prejudiced by the minimal delay, and none of the following concerns were compromised: "the policy of the Act to keep the minor in parental custody, the constitutional requirement of a prompt hearing for any detention[, or] the unavailability of bail in the juvenile court." *Id.*

¶ 14    Under the totality of the circumstances presented in this case, we find that the court did not err in denying respondent's motion to vacate its temporary custody order on the ground that it was heard minutes beyond the statutory time limit.

¶ 15                                    III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 17    Affirmed.

---

**No. 2-21-0675**

---

| | |
|---|---|
| **Cite as:** | *In re E.C.-F.*, 2022 IL App (2d) 210675 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, Nos. 21-JA-126, 21-JA-127; the Hon. Jorge L. Ortiz, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | John E. Murphy, of Wilmette, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Eric F. Rinehart, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Pamela S. Wells, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---