*In re* INTEREST OF HELENA MARIE NYCE

(No. 54413;

First District—January 18, 1971.

Jenner & Block, of Chicago, (Leah S. Hamilton and Michael Seng, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Francis T. Crowe and Herman Tavins, Assistant Attorneys General, and Daniel P. Coman, Chief of Civil Division, and Frances G. Sowa, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from a dispositional order of the Circuit Court of Cook County, Juvenile Division, placing Helena Marie Nyce, a minor (about one month old), under the guardianship of the Director of the Illinois Department of Children and Family Services. Georgette Nyce, mother of Helena Marie, has prosecuted the appeal in which she alleges that the Circuit Court lacked jurisdiction to enter the order in that: (a) the requisite jurisdictional facts were not established by a preponderance of the evidence; (b) statutory procedures with respect to obtaining physical custody of the person of Helena Marie Nyce were not followed; (c) statutory requirements with respect to the time for the conduct of dispositional and adjudicatory hearings were not complied with. She also alleges that the allegations of the petition were not established by a preponderance of the evidence, that the court relied on inadmissible hearsay, and that the court erred in admitting improper opinion evidence.

On February 4, 1969, Georgette Nyce entered Chicago Foundling Home (hereafter referred to as Foundlings), there to reside during the final stages of her pregnancy. On May 12, 1969, she entered Illinois Research Hospital and on the following day, May 13, 1969, she gave birth to Helena Marie. She returned to Foundlings on May 16, 1969, in order to recuperate from delivery. Prior to leaving the hospital, Georgette made arrangements with Mrs. Pass, head nurse on the maternity floor, for Helena Marie to remain in the hospital until May 21, 1969, the day

Georgette was due to be released from Foundlings, at which time she would return to take custody of the infant.

The Illinois Department of Children and Family Services filed a neglect petition based on information and belief in the Circuit Court on May 20, 1969. The petition alleged that Helena Marie, residing at and in the custody of the Administrator of Chicago Foundling Home, was neglected "as to the care necessary for her well being." A hearing was scheduled for the same day and Georgette Nyce appeared with counsel. The hearing was postponed until the following day.

A detention hearing was had on May 21, 1969, at which the court received an unsworn statement from Mr. Hallum, an agent of the Department of Children and Family Services. Mr. Hallum stated that the Department was seeking temporary custody of Helena Marie in order to insure that she had proper care while an investigation was conducted to determine whether Georgette had a reasonable plan for her own life as well as that of her child. He explained that Georgette, the mother, was under the guardianship of the Department since she was adjudged a ward of the court as a neglected minor some eighteen months previous, and remained under the Department's guardianship. He further stated that since Georgette was under such guardianship the Department felt an obligation to see to it that Helena Marie had a "reasonable environmental situation" at the beginning of her life.

During the course of the hearing Georgette's counsel stated to the court that the petition wrongfully alleged the residence of Helena Marie, as she was still at Illinois Research Hospital. At this point Georgette and her counsel were advised for the first time that the infant had been removed from Illinois Research Hospital on May 16, 1969, and was in fact in the custody of the Administrator of, and residing at, Foundlings. Mr. Hallum stated that such an arrangement had been made between the Department and Illinois Research Hospital in the light of the hospital's reluctance to keep infants beyond a three day period. Counsel for Georgette stated to the court that this revelation by Mr. Hallum was the first notice which either he or Georgette had received concerning removal of the infant from Illinois Research Hospital. It had been their belief that the child remained in the hospital pursuant to the arrangements which Georgette had made.

The court denied Georgette's motion for an order directing that Helena Marie be surrendered to her stating: "Well, once a child is brought to the attention of the Court the Court has a duty to protect the interest of that particular minor, which in this case I am talking about the baby. I feel that it would be improper out of this hearing to release the child

back to the mother to be placed in the home until such time that the home has been investigated. Now, this is only a temporary hearing as far as the custody pending the next court date." Thereafter the Director of the Department of Children and Family Services was named temporary custodian of the child.

Thereafter Georgette's counsel submitted a motion to dismiss the petition on the grounds that it did not state facts sufficient to support a finding of neglect. The motion was denied and leave was granted to amend the petition. A supplemental petition was filed which amended the language of the first petition from "neglected as to care necessary for her well being" to "neglected as to care necessary for her well being in that the mother, Georgette Nyce, is a minor and a ward of the Juvenile Court who has no visible means of supporting or caring for the well being of her child."

At the adjudicatory hearing the State called Georgette Nyce as their first witness. She testified that she was seventeen years of age and that she had never been married. She further testified that she was living with Mr. and Mrs. Averidge Rice along with another girl. She met Mrs. Rice during her residency at Foundlings where Mrs. Rice had been employed as a cook. Mr. and Mrs. Rice had expressed their interest in adopting both herself and Helena Marie, but she had not yet reached a decision on that question.

Mr. Kenneth Hallum, a social worker with the Illinois Department of Children and Family Services, was also called by the State and testified as follows. He has maintained regular contact with Georgette since her admission to Foundlings in February of 1969. As the social worker assigned to Georgette's case, it was his duty to render counseling services and plan for her and her child following her release from Foundlings.

In the course of his duties he had seen Georgette approximately fifteen times in addition to communicating with her by telephone. His interviews with her at Foundlings would never last the usual time, ten minutes as opposed to an hour, as she would become enraged, say foul things to him, and leave. He did not indicate the reason for her having become enraged.

Mr. Hallum also testified that Georgette had stated to him that she wished to have custody of the child in order to allow Mr. and Mrs. Rice to adopt her. Neither he nor Georgette mentioned the possibility of her giving up the child at any of the conferences which occurred prior to Helena Marie's birth.

Two of the conferences which Mr. Hallum had with Georgette were conducted in the Rice's apartment. She was more responsive at these interviews than she was at those conducted at Foundlings, and tried to

cooperate. During the course of one of the interviews at the Rice's apartment, he was shown that all items necessary for the physical care of the child were on hand.

Finally, Mr. Hallum testified that he did not have personal knowledge of Georgette's relationship with the other girls who resided at Foundlings. He did state, however, that in view of his knowledge of Georgette he did not believe that she would be a fit and proper mother for the child.

Miss Agnes Piszczek, liaison officer for the Illinois Department of Children and Family Services and the Juvenile Court, was also called by the State and testified as follows. She has worked for the Department in various capacities for the past eight years. She first became acquainted with Georgette in November of 1967, when Georgette was adjudged a ward of the court as a neglected child. At that time Georgette was an emotional, angry girl who became enraged when she did not get her own way. Her most recent contact with Georgette was in connection with the present case, but she has not spoken with her. Finally, Miss Piszczek testified that she had no knowledge of Georgette's behavior during her residency at Foundlings.

Elaine Quillian, Director of Social Workers at Chicago Foundlings Home, testified that she became acquainted with Georgette subsequent to her admission to Foundlings. She saw Georgette almost every working day, but did not necessarily speak to her on each occasion. Georgette's contact with the other girls at Foundlings created no particular problem. She did however, refuse medical care at the beginning of her residency. She also caused a scene on a couple of occasions when she became angry and started to scream. The cause of this anger was not mentioned.

Finally, Miss Quillian, who had not seen Georgette since her release from Foundlings, testified that it is not unusual for girls at Foundlings to be upset, and that to her knowledge it had never been suggested to Georgette that she give up her child.

Appellant contends that the Circuit Court did not have jurisdiction of the cause and therefore did not have authority to enter the dispositional order appealed from. In support of this contention she cites the unusual procedure under which the physical custody of Helena Marie was assumed in the first instance; the failure to hold a detention hearing within 24 hours following the time she was taken into custody, as provided for in section 703—5 of the Juvenile Court Act (Illinois Revised Statutes Chapter 37, section 703—5 (1967) ); failure to conduct an adjudicatory hearing within ten days following court ordered detention, as provided in section 704—2 of the Act. This argument is premised on the proposition that all steps in a juvenile proceeding are jurisdictional.

■■ While we must agree that the manner in which the Department obtained physical custody of Helena Marie was not in accord with section 703—1 of the Act, we do not find that section, which details the circumstances under which a law enforcement officer may take temporary custody of a minor, relates to the jurisdiction of the court. Neither do we find that a reasonable analogy between the assumption of custody of a minor in cases such as the present, where the welfare of the child is the sole concern, and the arrest of an adult pursuant to his criminal prosecution can be drawn. While it is true that a line of decisions following the Supreme Court's opinion in the case of *In re Gault* (1967), 387 U.S.1 have applied a number of procedural safeguards previously accorded only the criminally accused to juvenile proceedings, this is not that type of juvenile proceeding which is likely to have an outcome substantially similar to a criminal proceeding, *i.e.,* confinement for a term of years. The instant case was concerned only with the welfare of the child and could not result in her confinement as a delinquent minor.

■■ Similarly, we do not find the allegations with respect to the failure to comply with sections 703—5 and 704—2 of the Act, though they are factually supported by the record, to bear upon the question of jurisdiction.

Other issues raised by appellant with respect to the conduct of the detention hearing, specifically the failure to hear evidence, reliance upon unsworn statements and hearsay, and failure of the court to include findings in its order for temporary custody all relate to the propriety of the order placing Helena Marie in the custody of the Department pending the conclusion of the adjudicatory hearing. Since the cause has been finally determined by the Circuit Court, all questions concerning custody pending that court's disposition of the cause are moot.

Finally, we consider appellant's contention that Helena Marie was not proven to be a neglected minor by a preponderance of the evidence. Section 702—4 of the Juvenile Court Act defines the term neglected minor.

(1) Those who are neglected include any minor under 18 years of age
 (a) who is neglected as to proper or necessary support, education as required by law, or as to medical or other remedial care recognized under State law or other care necessary for his well-being, or who is abandoned by his parents, guardian or custodian; or
 (b) whose environment is injurious to his welfare or whose behavior is injurious to his own welfare or that of others.

The evidence presented below did not establish that Helena Marie was a neglected child under the terms of the Act. At best, the testimony

presented by the State established that two social workers with limited contact with the mother of a minor did not believe her to be a fit and proper person to raise the child. There was no evidence to establish that the child was neglected as that term is used in the Act. At most the court was asked to speculate as to the future care of the child.

We cannot conceive of how the allegations of the petition could have been established in a case such as the present where it is clear from the record that the parent never had custody of the child. Indeed the petition does not contain an allegation Georgette failed to insure that the child had proper care. The scope of authority of the Circuit Court to deal with minors under section 702—4 is limited to minors who are actually neglected and does not extend to those who are thought to be subject to neglect in the future.

■■ We hold that the Circuit Court erred in determining that Helena Marie Nyce was proven to be a neglected minor by a preponderance of the evidence.

In view of our holding, the issues raised by appellant with respect to the admission of evidence at the adjudicatory hearing need not be discussed. Appellant's motion to strike certain portions of the brief (the statement of facts) filed by the Attorney General in this cause as being unsupported by the record which was taken with the case, is allowed.

Accordingly, the order is reversed and the cause is remanded to the Circuit Court with directions that the dispositional order placing Helena Marie Nyce under the guardianship of the Director of the Department of Children and Family Services be vacated and the petition be dismissed.

Order reversed and cause remanded with directions.

McCORMICK, P. J., and BURKE, J., concur.