No. 26316

**P.F.M. v. The District Court in and for the County of Adams and The Honorable James J. Delaney, one of the judges thereof**

(520 P.2d 742)

Decided April 1, 1974.

Sheila H. Meer, for petitioner.

Ronald M. Anderson, guardian ad litem for E.O. and T.O.

S. Morris Lubow, Michael F. Swanson, for Adams County.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding brought pursuant to C.A.R. 21. Petitioner alleges that respondent Court is proceeding without or in excess of its jurisdiction in that her children have been removed from her custody and she has not been afforded notice and a detention hearing as required by 1971 Perm. Supp., C.R.S. 1963, 22-2-3(2). We issued a rule to show cause which we now make absolute.

On August 29, 1973, officers of the Northglenn Police

Department took physical custody of petitioner's two children, E.O., age four and one-half, and T.O., age two and one-half. The petition in dependency and neglect which was subsequently filed in respondent Court alleged that the children were found alone at 4:00 a.m. on August 29, 1973; that the home condition was unsanitary, and that the whereabouts of the children's parents was unknown. That same day physical custody of the children was transferred to the Adams County Department of Social Services, and the children were placed in foster care. On August 30, 1973, respondent Court entered an *ex parte* order placing custody of E.O. and T.O. in the Adams County Department of Social Services. On August 31, 1973, the above mentioned petition in dependency and neglect was filed. At no time in the proceedings below was petitioner advised that she had a right to a hearing on the issue of the temporary removal of her children from her custody, and such a hearing was never held.

On November 26, 1973, petitioner filed a motion to vacate the *ex parte* order of August 30, 1973, on the grounds that she had not been advised of and granted the hearing required by 1971 Perm. Supp., C.R.S. 1963, 22-2-3(2). The motion was denied, and petitioner sought relief here.

Article 2 of the Children's Code, 1967 Perm. Supp., C.R.S. 1963, 22-2-1, *et seq.,* sets out the conditions under which the state may take a child into temporary custody pending an adjudication on the merits of a particular case. Article 2 also sets out procedural guidelines to be followed when a child is removed from the home on a temporary basis. These procedural safeguards were established to curb possible abuse inherent in informal administrative practices in an area involving both the parents' and the child's rights. *See* General Comments to Article 2, *Proposed Colorado Children's Code,* Colorado Legislative Council Research Publication No. 111 (1966).

1971 Perm. Supp., C.R.S. 1963, 22-2-3(2) provides:
"When a child is placed in a detention facility or in a shelter facility designated by the court, the law enforcement official taking the child into custody shall promptly so notify the

court. He shall also notify a parent or legal guardian, or, if a parent or legal guardian cannot be located within the county, the person with whom the child has been residing, and inform him of the right to a prompt hearing to determine whether the child is to be detained further. *The court shall hold such detention hearing within forty-eight hours,* excluding Saturdays, Sundays, and court holidays, unless waived in writing by the child's attorney, parent, guardian, or an adult person with whom the child has been residing." (Emphasis added.)

Respondents' argument that a detention hearing is not required where a petition in dependency and neglect has been filed is based upon the distinction between "detention," as defined in 1967 Perm. Supp., C.R.S. 1963, 22-1-3(12), and "shelter," as defined in 1967 Perm. Supp., C.R.S. 1963, 22-1-3(13). Respondents argue that since "detention" is defined to be temporary care in physically *restricting* facilities, and "shelter" is defined as temporary care in physically *unrestricting* facilities, the "detention hearing" called for in the statute need only be held when a child is placed in detention. Thus, respondents contend that since the children were placed in a *shelter* facility, as distinguished from a *detention* facility, the requirement that a "detention hearing" be held within 48 hours is not applicable.

■ Respondents would thus limit the application of the mandatory 48-hour hearing requirement of section 22-2-3(2) to quasi-criminal delinquency or child in need of supervision (CHINS) proceedings in which a child is restrained in a detention facility. This argument overlooks the fact that important interests of both the parents and the child are involved whenever a child is removed from the home against the parents' wishes. *People in Interest of M.M.,* 184 Colo. 298, 520 P.2d 128; *People in Interest of K.S. and M.S.,* 33 Colo. App. 72, 515 P.2d 130 (1973). It is reasonable to conclude that the legislature intended to provide for an adversarial due process hearing where such important interests are jeopardized, even on a temporary basis. *Mountain States Telephone*

*& Telegraph Co. v. Industrial Commission,* 184 Colo. 334, 520 P.2d 586; *White v. Davis,* 163 Colo. 122, 426 P.2d 909 (1967).

■ The term "detention hearing" in the context of the section 22-2-3(2) refers to a situation where a child is placed in a shelter facility as well as a situation where a child is placed in a detention facility. In both situations the child is removed from the custody of the parents, and both the statute and due process require a prompt hearing to determine whether the welfare of the child or of the community require that the "detention" continue. Colo. Sess. Laws 1973, ch. 110, 22-2-3(3)(a), at 389.

The legislative history of the Children's Code shows that Article 2 was based on the new Utah, Illinois, and Hawaii Children's Codes. *Proposed Colorado Children's Code,* Colorado Legislative Council, Research Publication No. 111 (1966). Our examination of the comparable sections of these statutes of our sister states and supporting case law makes clear that the "detention hearing" required in section 22-2-3(2) must be held regardless of whether the child is placed in a shelter facility or a detention facility. *See* Utah Code Ann. (1953), 55-10-91; 37 Ill. Ann. Stat. (Smith-Hurd) § 703-5,6; *In Re Nyce,* 131 Ill.App.2d 481, 268 N.E.2d 233 (1971); 7 Hawaii Rev. Stat. § 571-32.

■ Petitioner argues that the failure to hold the detention hearing in this case renders all the proceedings below void *ab initio* and that E.O. and T.O. must be immediately returned to petitioner. We disagree. It would be contrary to the purposes of the Children's Code, 1967 Perm. Supp., C.R.S. 1963, 22-1-2, and possibly to the best interests of the children involved to hold that the hearing requirement of 22-2-3(2) is jurisdictional. However, petitioner is entitled to an immediate detention hearing on the issue of the temporary custody of her children pending an adjudication on the merits of the petition in dependency and neglect.

Respondents' other arguments are without merit and will not be discussed.

The rule is made absolute and the case is remanded with directions to respondent Court to immediately hold the detention hearing required by the statute.