The PEOPLE of the State of Colorado, Plaintiff-Appellee, In the Interest of F.D., a Child, Appellant,

And Concerning K.D., Mother, Respondent.

No. 86CA0110.

Colorado Court of Appeals, Div. III.

Feb. 26, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, James P. Swanseen, Deputy State Public Defender, Denver, for appellant.

VAN CISE, Judge.

F.D. appeals the November 1985 order adjudicating him to be a delinquent child based on his having committed acts in April 1985 which, if committed by an adult, would have constituted class 2 misdemeanor theft. He contends that in June 1985 the court placed him on probation for this offense and did not follow the statutory requirements for revocation of that probation. We affirm.

A petition in delinquency was filed in April 1985, charging F.D. with having committed acts equivalent to disorderly conduct, theft, and conspiracy to commit theft. At a hearing June 14, he admitted the truth of the theft allegations, and the others were dismissed.

The court then entered a form order for continued adjudication. It provided that "this matter be continued until September 13 ... at which time the court shall determine if it shall enter an order adjudicating

said child a delinquent child, continue the adjudication for an additional six months period, or dismiss the action; *during the period of continued adjudication, the child is placed on probation under the following terms and conditions....*" (emphasis supplied) The court set forth several conditions, among them that the child report to a probation officer, make restitution, remain in school, and participate in family counseling with his mother.

At the September 13 hearing, the court found that F.D. was not in school and was not attending the counseling sessions. The court set another review for October 11; at the time of that hearing, F.D. was still not in school and had attended only two counseling sessions.

Another review was set for November 22. The court ordered F.D. to bring a written report from his counselor to that hearing and, in the meantime, to continue his attempt to be readmitted to school. At that hearing, the court acknowledged a letter from F.D.'s counselor stating that F.D. had not been attending counseling sessions. F.D., his mother, and his attorney made statements. The court then adjudicated F.D. a delinquent child and ordered him taken into custody for evaluation as to placement.

A dispositional hearing was held on December 6. At that hearing, F.D. was released to the custody of his parents pending a continued dispositional hearing. That hearing was held on December 20, at which the court ordered F.D. into the custody of the Department of Institutions for two years, staying the order pending a later review.

At all hearings referred to above, F.D. was present with his mother and his attorney.

F.D. contends that because the continued adjudication order of June 14 referred to his status as "on probation," his case comes under § 19–3–117, C.R.S. (1986 Repl. Vol. 8B), which provides for notice and a hearing before probation can be revoked. However, F.D. was not on probation and § 19–3–117 is applicable.

Section 19–3–106(6)(a), C.R.S. (1986 Repl. Vol. 8B) provides:

"When the court finds the allegations of the petition are supported by evidence beyond a reasonable doubt in cases concerning delinquent children ... the court shall sustain the petition and shall make an order of adjudication setting forth whether the child is delinquent...."

However, the court need not make its order of adjudication immediately after entering findings. Section 19–3–106(3), C.R.S. (1986 Repl.Vol. 8B) provides:

"After making a finding ... but *before making an adjudication,* the court may continue the hearing from time to time, allowing the child to remain in his own home ... subject to such conditions of conduct and of visitation or supervision by a probation counselor as the court may prescribe...." (emphasis supplied)

That was the procedure utilized by the trial court here.

■■■ A child must first be adjudicated as delinquent before he or she can be placed on probation. *See* § 19–3–113, C.R.S. (1986 Repl.Vol. 8B). F.D. was not adjudicated a delinquent child at the June 14 hearing, the determination whether an adjudication order should be entered having been continued to a later time. Therefore, notwithstanding the poorly chosen use of the word "probation" on the form order for continued adjudication, the court could not then place F.D. on probation. Hence, since F.D. was not on "probation" but was only subject to "conditions of conduct" under the supervision of the probation department as prescribed by the court, he was not entitled as a matter of law to a probation revocation hearing.

■■■ Moreover, even if we regard the June 14 order for continued adjudication as equivalent to an order for deferred judgment and sentencing under the adult criminal code, § 16–7–403, C.R.S. (1986 Repl.Vol. 8A), the requirements of that statute for notice and hearing as to breach of the conditions were fully met here. At each hearing, commencing with the one held June 14, F.D., his counsel, and his mother had full opportunity to present evidence

and to make any statements they wished. At the conclusion of each hearing, the time, place, and subject matter for the next hearing were clearly set forth by the court in the presence of F.D., his attorney, and his mother. It was made clear to F.D., each time, that his continued adjudication could be terminated and he could be adjudicated a delinquent child if he violated the conditions of conduct. And, at each hearing following the one on June 14, his violation of certain of the conditions was established. F.D.'s rights to due process were not denied at any stage of these proceedings.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.