The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of A.K.R., a Child, and Concerning G.R.R., Respondent,

and

C.M.R., Respondent–Appellant.

No. 87CA1017.

Colorado Court of Appeals, Div. IV.

April 21, 1988.

Mesa County Attorney's Office, Marjorie A. Miller, Grand Junction, for petitioner-appellee.

Hall & Pearce, Dale E. Williams, Grand Junction, guardian ad litem.

Williams, Turner & Holmes, P.C., Diana Raese Flebbe, Grand Junction, for respondent-appellant.

BABCOCK, Judge.

Mother, C.M.R., appeals an order of the trial court terminating the parent-child legal relationship with her daughter, A.K.R. We affirm.

On March 18, 1986, a petition alleging that the child was dependent and neglected was filed by the Mesa County Department of Social Services (social services). On June 2, 1986, the trial court approved the parties' stipulation for a continued adjudication. The continued adjudication was conditioned, in part, upon mother's compliance with the treatment plan which, the parties agreed, was appropriate and was to be considered by the court for purposes of disposition.

On February 24, 1987, the child was adjudicated dependent and neglected, and the trial court ordered the parties to set a dispositional hearing as soon as possible. Social services filed a motion to terminate the parent-child legal relationship on March 2, 1987, and, following hearing in April 1987, the trial court terminated mother's parental rights under § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B).

I.

Mother contends that the trial court erred in failing to approve a separate treatment plan *after* the child had been adjudicated dependent and neglected. She argues that a treatment plan approved as a condition of a continuing adjudication under § 19–3–106(3), C.R.S. (1986 Repl.Vol. 8B) does not satisfy the criteria for termination of the parent-child relationship set forth in § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol 8B). We disagree.

When, as here, the trial court finds that the allegations of a petition in dependency and neglect are supported by a preponderance of the evidence, it may continue the adjudicatory hearing without entering an order adjudicating the child dependent and neglected and impose conditions of conduct, visitation, or supervision. Section 19–3–106(3) and (6), C.R.S. (1986 Repl.Vol. 8B). If the child is subsequently adjudicated dependent and neglected, the trial court must conduct a dispositional hearing and enter a decree of disposition. Sections 19–3–106(6)(b) and 19–3–111, C.R.S. (1986 Repl. Vol. 8B).

Among the dispositional alternatives available to a trial court are the adoption of a treatment plan designed to reunite the family and the termination of the parent-child legal relationship. Section 19–3–111(1) and (2), C.R.S. (1986 Repl.Vol. 8B); *S.L. v. District Court,* 676 P.2d 12 (Colo. 1984). If termination of parental rights is the dispositional alternative pursued, compliance with § 19–11–101, et seq., C.R.S. (1986 Repl.Vol. 8B) is required.

Under § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B), a trial court may terminate the legal relationship between a parent and

a child if the child has been adjudicated dependent and neglected, an appropriate treatment plan approved by the court has not been complied with by the parent or has not been successful, the parent is unfit, and the conduct or condition of the parent is unlikely to change within a reasonable time. *People in Interest of M.C.C.*, 641 P.2d 306 (Colo.App.1982). Although § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B) requires approval of a treatment plan prior to termination, it does not require that the approval occur after the adjudicatory order has been entered or as part of a dispositional order pursuant to § 19–3–111(1), C.R.S. (1986 Repl.Vol. 8B).

Accordingly, we conclude that the prior approval of an appropriate treatment plan as a condition of a continued adjudication is sufficient to meet the requirement of § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B), where, as here, termination is the dispositional alternative pursued upon entry of an order of adjudication of dependency and neglect. *See People in Interest of K.M.J.*, 698 P.2d 1380 (Colo.App.1984); *but see People in Interest of F.D.*, 735 P.2d 496 (Colo.App.1987).

This construction of §§ 19–3–106(3) and (6), §§ 19–3–111(1) and (2), and § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B) in *pari materia* does not compromise their efficacy, but harmonizes them, giving effect to each. *See People in Interest of D.L.E.*, 645 P.2d 271 (Colo.1982). Furthermore, the purpose of the Children's Code, securing for each child the care and guidance which best promotes his welfare and the interest of society, is fostered by allowing the trial court to refer to the dispositional alternatives set forth in § 19–3–111, C.R.S. (1986 Repl.Vol. 8B) in fashioning the conditions of a continued adjudication of dependency and neglect. *See* § 19–1–102, C.R.S. (1986 Repl.Vol. 8B); *People in Interest of D.L.E., supra.*

## II.

Mother also contends that the criteria for termination of the parent-child relationship set forth in § 19–11–105(1)(b), C.R.S. (1986 Repl.Vol. 8B) were not supported by the evidence. Our review shows that the record is replete with evidence supporting each of the trial court's findings of fact clearly and convincingly. *See People in Interest of M.S.H.*, 656 P.2d 1294 (Colo. 1983).

Judgment affirmed.

CRISWELL and JONES, JJ., concur.