The PEOPLE of the State of Colorado,

In the Interest of J.M., R.M., and M.M., Children,

Upon the Petition of the El Paso Department of Human Services, Petitioner–Appellee,

and Concerning V.M., Respondent–Appellant.

No. 02CA1318.

Colorado Court of Appeals, Div. IV.

May 8, 2003.

Certiorari Denied Aug. 4, 2003.

No Appearance for Petitioner–Appellee.

Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent–Appellant.

William G. Webb, Colorado Springs, Colorado, Guardian Ad Litem.

Opinion by Judge KAPELKE.

V.M. (mother) appeals from a judgment terminating the parent-child legal relationship between her and her children, J.M., R.M., and M.M. We affirm.

## I.

Mother contends that the trial court's finding that the children were adjudicated dependent or neglected cannot be sustained because the dispositional order approving the treatment plan had not been reduced to writing, dated, and signed and therefore was not final. We perceive no basis ·for reversal.

Dependency and neglect proceedings are bifurcated into an adjudicatory phase and a dispositional phase. *E.O. v. People*, 854 P.2d 797 (Colo.1993). An appeal may be taken after entry of the initial dispositional order following an adjudication of dependency or neglect and again after entry of the final order of termination. *People in Interest of C.L.S.*, 934 P.2d 851 (Colo.App. 1996).

To terminate the parent-child legal relationship, clear and convincing evidence must establish, among other things, that "the child is adjudicated dependent or neglected". Section 19–3–604(1)(c), C.R.S.2002; *People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982).

Here, the adjudicatory order was reduced to writing, dated, and signed by the trial court, but the trial court's order made at the conclusion of the dispositional hearing of March 15, 2001, was not. Therefore, the adjudicatory order was not final for·purposes of appeal at that time. *See* § 19–1–109(2), C.R.S.2002; C.R.C.P. 58(a); C.A.R. 4(a);

*People in Interest of E.A.*, 638 P.2d 278 (Colo.1981); *People in Interest of C.L.S., supra.*

■ However, the issue here is not whether the order of adjudication was appealable at the adjudicatory stage, but instead, whether a dispositional order approving a treatment plan has to be reduced to writing, dated, and signed in order to support a finding under § 19–3–604(1)(c) that the child has been adjudicated dependent or neglected. We conclude that it does not.

The record here includes a written adjudicatory order, a minute order reflecting the approval of a treatment plan, and a copy of the treatment plan. These documents are sufficient to establish for purposes of § 19–3–604(1)(c) that the children were adjudicated dependent or neglected. That the adjudicatory order did not become appealable until the judgment of termination was entered, *see* § 19–3–508(3), C.R.S.2002; *People in Interest of A.M.D, supra,* does not undermine or affect either its validity or its probative value as evidence that there was in fact an adjudication of dependency or neglect.

Accordingly, we will not disturb the trial court's finding on review. *See People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

### II.

■ Mother also contends that the trial court erred in finding that the department of social services made reasonable efforts to rehabilitate her. She argues that services to address her developmental disabilities were not provided in a timely manner, thereby denying her a real opportunity to comply with the treatment plan. We disagree.

The state must make reasonable efforts to prevent out-of-home placement of abused or neglected children and to reunite the family. Sections 19–1–103(89), 19–3–100.5, 19–3–604(2)(h), C.R.S.2002. Among the efforts required of the department are an assessment of the family and the development of a case plan for the provision of necessary services, which may include home-based counseling and referrals to public and private assistance resources. Section 19–3–208(2)(b), C.R.S. 2002. Additional services may be provided if the state has sufficient funding. Section 19–3–208(2)(d), C.R.S.2002.

Here, shortly after the petition in dependency or neglect was filed, the department made a referral to the Resource Exchange, a private agency that facilitates programs and funding for individuals with developmental disabilities. Two months later, having failed to secure contact information, the Resource Exchange closed mother's file.

In the meantime, the court approved a treatment plan, which considered mother's developmental disabilities. The plan required, as pertinent here, that mother cooperate with the family preservation program and that she access the Resource Exchange.

Within a month of the filing of the petition, mother began to receive intensive in-home family preservation services, which included hands-on, repetitive instruction about parenting skills, nutrition, budgeting, and basic life skills. Those services continued for eleven months. When the children were placed with mother, the family received up to forty-four hours of in-home services a month. After mother and the children were placed with the maternal grandparents, services were decreased to about twenty-eight hours a month.

The family preservation services worker and the caseworker were aware of mother's developmental disabilities and adjusted their services to accommodate them and to facilitate compliance with the treatment plan. Mother, however, was resistant to their suggestions and instruction, and she insisted throughout the proceeding that she was a good parent with appropriate skills.

After mother and the children were placed with the maternal grandparents, a second referral was made to the Resource Exchange because of a deterioration of the relationship between the family preservation services worker and mother. Within one month, the Resource Exchange began working with mother. Despite mother's resistance, funding for services was secured, and mother was eventually placed in a host home.

Even though services specifically designed for individuals with developmental disabilities were not provided to mother for almost one

year, intensive in-home family preservation services adapted to meet her special needs were provided immediately. Thus, the record supports the trial court's finding that the department made reasonable efforts to rehabilitate mother. Accordingly, we will not disturb that finding on review. *See People in Interest of C.A.K., supra.*

The judgment is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.