74 P.3d 497 (2003)
The PEOPLE of the State of Colorado, In the Interest of A.W.; R.D., Jr.; M.D.; and V.D., Children,
Upon the Petition of the El Paso County Department of Human Services, Petitioner-Appellee, and
Concerning S.D., Respondent-Appellant, and
R.D., Respondent.
No. 02CA1071.
Colorado Court of Appeals, Div. IV.
May 22, 2003.
Certiorari Denied August 4, 2003.[*]
*498 Gerald A. Kimble, Jr., Guardian Ad Litem.
No Appearance for Petitioner-Appellee.
Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent-Appellant.
Roberta Earley, Colorado Springs, Colorado, for Respondent.
Opinion by Judge DAILEY.
S.D. (mother) appeals from a judgment terminating the parent-child legal relationship between her and her children, A.W., R.D., Jr., M.D., and V.D. We affirm.
The petition in dependency or neglect was filed on February 9, 2000. During the adjudicatory hearing held on May 5, 2000, mother entered a no fault admission to the petition under § 19-3-102(1)(e), C.R.S.2002. Pursuant to her request, the trial court continued the adjudicatory hearing for a period of one year as permitted by § 19-3-505(5)(b), C.R.S.2002, and approved a treatment plan as a condition of the continuance.
On February 5, 2001, the People filed a motion to adjudicate the children, alleging that mother had failed to comply with the treatment plan, and a motion to terminate mother's parental rights. During a review hearing on February 9, 2001, the trial court accepted the parties' agreement to hear the motion to adjudicate on the same day as the termination hearing. The hearing was set for March 7, 2001.
Thereafter, the trial court granted several continuances of the hearing, during which time it conducted periodic review hearings. Mother sought all but one of the continuances, and she did not object to the continuance requested by the People.
At the beginning of the hearing on January 15, 2002, the trial court bifurcated the proceeding, addressing the motion to adjudicate first and then the motion to terminate. Again, mother did not object to the manner in which the hearing was conducted. On April 11, 2002, the trial court signed an order adjudicating the children dependent or neglected. A written order of termination was signed on April 25, 2002.
Mother contends that the trial court did not have subject matter jurisdiction to conduct the January 15, 2002, hearing or to enter an order of termination. She argues that the trial court lost jurisdiction when it failed either to enter an adjudicatory order or to dismiss the proceeding after continuing the adjudicatory hearing for two six-month periods. We disagree.
Pursuant to § 19-3-505(5), C.R.S.2002, a trial court may continue the adjudicatory hearing upon the parties' consent when it finds that the allegations of the petition in dependency or neglect have been established by a preponderance of the evidence. However, under § 19-3-05(5)(b), "Such continuation shall extend no longer than six months without review by the trial court. Upon review, the court may continue the case for an additional period not to exceed six months, after which the petition shall either be dismissed or sustained."
In People in Interest of K.M.J., 698 P.2d 1380 (Colo.App.1984), a division of this court held that expiration of the second six-month continuance period set forth in a former codification of § 19-3-505(5)(b) did not operate to divest a trial court of subject matter jurisdiction over the case. The trial court could, the division said, still rule after expiration of the second six-month period: "What the statute does not allow is the court to continue hearings beyond the second six month continuance." Thus, the division held that a trial court "can hold hearings on the petition for a maximum of two six-month periods after which it can take no other action than either to dismiss or sustain the petition." People in Interest of K.M.J., supra, 698 P.2d at 1382.
The issue in this case is whether the trial court exceeded its jurisdiction by conducting *499 a hearing outside the time frame permitted by § 19-3-505(5)(b). We conclude it did not.
"A procedural statute or a court rule normally does not address jurisdictional issues; restrictions upon a court's jurisdiction are generally to be found in statutes directly addressing that subject." Levin v. Anouna, 990 P.2d 1136, 1138 (Colo.App.1999).
In People in Interest of R.W., 989 P.2d 240, 242 (Colo.App.1999), aff'd sub nom. L.L. v. People, 10 P.3d 1271 (Colo.2000), a division of this court rejected the contention that a trial court acted without jurisdiction in conducting a permanency hearing outside the statutorily prescribed period. The division reached this conclusion based upon its consideration of the underlying purposes of the Children's Code and the statutory directive, contained in § 19-1-102(2), C.R.S.2002, to liberally construe the provisions of the Children's Code "to serve the welfare of children and the best interests of society." See also P.F.M. v. Dist. Court, 184 Colo. 393, 397, 520 P.2d 742, 745 (1974)(failure to meet the 48-hour detention hearing mandated by statute held not jurisdictional); People in Interest of A.M., 786 P.2d 476, 478 (Colo.App.1989)(failure to file dependency and neglect petition within seven days as required by rule held not jurisdictional).
The paramount purpose of § 19-3-505(5)(b) is to ensure that courts "proceed with all possible speed to a legal determination that will serve the best interests of the child." Section 19-1-102(1)(c), C.R.S.2002. Because that purpose presupposes some flexibility in determining the best interests of a child, we do not construe § 19-3-505(5)(b)'s twelve-month time limit for holding a hearing to be jurisdictional.
Accordingly, we conclude the trial court's failure to follow the statutory requirement of § 19-3-505(5)(b) was "an erroneous decision not affecting jurisdiction." People in Interest of Clinton, 762 P.2d 1381, 1387 (Colo. 1988). However, because mother joined in the motion that, when granted, continued the matter beyond the twelve-month period, she is not entitled to relief on appeal. See Hoyman v. Coffin, 976 P.2d 311, 313 (Colo.App. 1998)("As a general rule, non-jurisdictional issues not raised in the trial court are deemed waived and will not be considered on appeal.")
We also reject mother's contention that termination under § 19-3-604(1)(c), C.R.S. 2002, was improper simply because the adjudicatory order had not been reduced to writing, dated, and signed at the time of the hearing. See People in Interest of J.M., 74 P.3d 475, ----, 2003 WL 21026926 (Colo.App. No. 02CA1318, May 8, 2003)(issue is whether there was an adjudicatory order, not whether it was reduced to writing, dated, and signed).
Accordingly, the judgment is affirmed.
Judge ROTHENBERG and Judge KAPELKE concur.
NOTES
[*] Justice KOULIS would grant the petition as to the following issue:

Whether the trial court was entitled to hold a termination hearing after the second six month extension under C.R.S. 19-3-505(5) In a Dependency and Neglect Proceeding.