**The PEOPLE of the State of Colorado,**

**In the Interest of T.E.H. and S.A.B., Children, Upon the Petition of the El Paso County Department of Human Services, Petitioner–Appellee,**

**and**

**Concerning T.A.-L. and D.K.A.B., Respondents–Appellants.**

**No. 07CA0192.**

Colorado Court of Appeals, Division IV.

July 12, 2007.

Nancy J. Walker–Johnson, Guardian Ad Litem.

Jay A. Lauer, County Attorney, Laura C. Rhyne, Deputy County Attorney, Colorado Springs, Colorado, for Petitioner–Appellee.

Susan L. Mueller, P.C., Susan L. Mueller, Colorado Springs, Colorado, for Respondent–Appellant T.A.-L.

Davide C. Migliaccio, Colorado Springs, Colorado, for Respondent–Appellant D.K.A.B.

Opinion by Judge GRAHAM.

T.A.-L. (mother) appeals from a judgment terminating the parent-child legal relationship between her and her children, T.E.H. and S.A.B. D.K.A.B. (father) appeals from the judgment terminating his parental rights as to S.A.B. We affirm.

The department of human services (department) became involved with the family after receiving a referral from mother's sister regarding substance abuse and intrafamilial sexual abuse in the multigenerational family home. An investigation revealed that twelve people resided in the home, that the home was filthy, that the adults refused to believe the allegations of sexual abuse, and that the children were at high risk for abuse.

A petition in dependency or neglect was filed on April 30, 2004. On July 26, the trial court entered an order continuing the adjudication for six months pursuant to § 19–3–505(5), C.R.S.2006, based on mother's admission that the children's environment was injurious to their well-being. In July, the court held a dispositional hearing and approved a treatment plan for mother. Thereafter, father, who did not live with the family, entered a no-fault admission to the petition, the court adjudicated the children dependent or neglected, and a treatment plan was approved for him.

The continued adjudication as to mother was extended in January 2005. However, in July 2005, the trial court revoked it and adjudicated the children dependent or neglected because mother's whereabouts were unknown and she was not in compliance with the therapy requirements of the treatment plan.

The parents' lack of compliance with the treatment plans prompted the trial court to order the filing of a motion to terminate, which was done in January 2006. Immediately thereafter, the parents began to comply, and the motion was held in abeyance. By August 2006 the parents' compliance had decreased, and the People asked that the motion be set for hearing. The hearing began on November 29 and concluded on January 2, 2007, resulting in termination of the parents' rights.

I.

The parents contend that the trial court erred in failing to conduct the termination hearing within 120 days after the motion to terminate was filed as required by § 19–3–602(1), C.R.S.2006. They argue that the statutory time limit is mandatory and that the court failed to make the findings required to support a delay in the termination hearing. We disagree.

Initially, we reject the assertion by the People and the guardian ad litem that the

parents' failure to raise this contention in the trial court precludes appellate review. In essence, the parents contend that the court's failure to follow the mandatory statutory language deprived the court of subject matter jurisdiction. Challenges to a court's subject matter jurisdiction may be raised at any time during the proceeding, including on appeal. *See People in Interest of R.W.*, 989 P.2d 240, 242 (Colo.App.1999), *aff'd on other grounds sub nom. L.L. v. People*, 10 P.3d 1271 (Colo. 2000).

Section 19-3-602(1) provides that

if the child is under six years of age at the time a petition is filed ... the court shall hear the motion for termination within one hundred twenty days after such motion is filed, and shall not grant a delay unless good cause is shown and unless the court finds that the best interests of the child will be served by granting a delay in accordance with the requirements of section 19-3-104.

Section 19-3-104, C.R.S.2006, requires the trial court to set forth the specific reasons for the delay and to reset the hearing within thirty days.

The beneficent purposes of the Colorado Children's Code (Code) do not comport with a "rigid view that the time limits contained therein are jurisdictional." *People in Interest of R.W., supra*, 989 P.2d at 243 (holding that the statutory time frames for permanency hearings are not jurisdictional). Instead, the statutory time frames set forth in the Code are procedural in nature and may be waived by the parties. *C.S. v. People (In Interest of I.S.)*, 83 P.3d 627, 635 (Colo.2004) (holding that the time in which to file a petition for district court review of a magistrate's order under § 19-1-108(5), C.R.S. 2006, is procedural and may be waived); *People in Interest of A.W.*, 74 P.3d 497, 498 (Colo.App.2003) (holding that the time frames regarding continued adjudications set forth in § 19-3-505(5)(b), C.R.S.2006, are not jurisdictional and may be waived); *see P.F.M. v. Dist. Court*, 184 Colo. 393, 397, 520 P.2d 742, 744-45 (1974) (holding that the failure to hold a mandatory juvenile detention hearing within forty-eight hours was not jurisdictional); *People in Interest of S.B.*, 742 P.2d 935, 938 (Colo.App.1987) (holding that statutory time in which to conduct an adjudicatory hearing is not jurisdictional).

The record here reveals that the motion to terminate was filed on January 27, 2006. During the February 6 advisement, the trial court granted the People's request to hold the motion in abeyance because the parents were then partially compliant with the treatment plan. However, by the time of the August 7, 2006 permanency hearing, the parents were no longer compliant. Accordingly, the People asked the court to extend the permanency guidelines and set the matter for a hearing on termination. The court granted the People's requests, setting the matter for hearing on October 30, 2006.

Prior to the October hearing, father sought a continuance because new counsel had been appointed to represent him. Over the People's objection, the trial court continued the hearing until November 29, 2006. Although the hearing began that day, it could not be completed and was set over until December 27, 2006. The hearing was further delayed until January 2, 2007, because of inclement weather and the unavailability of witnesses.

While the trial court failed to make the findings required by §§ 19-3-104 and 19-3-602(1) in delaying the termination hearing, the record reveals that the motion to terminate was initially held in abeyance because of efforts by the parents, the department, and the court to meet the children's best interests by facilitating reunification of the family. When those efforts proved unsuccessful, the motion was revived, and the hearing was ultimately commenced within 120 days of its revival. At no time during the proceedings below did the parents object to the delay in the termination hearing.

Because the parents did not object and the basis for the delay is apparent from the record, we conclude that the trial court's failure to make express findings that there was good cause for delay and that the delay was in the children's best interests does not require reversal. We further hold that the statutory time in which to conduct a termination hearing is not jurisdictional, and therefore the parents' failure to raise the

issue in the trial court precludes relief on appeal. *See C.S. v. People (In Interest of I.S.), supra,* 83 P.3d at 635; *People in Interest of A.W., supra,* 74 P.3d at 498.

## II.

■ Mother also contends that the order of termination must be reversed because the trial court did not conduct a dispositional hearing and approve a treatment plan after revoking the continued adjudication and entering an order adjudicating the children dependent or neglected. We disagree.

After adjudicating a child dependent or neglected, the trial court must conduct a hearing to determine the proper disposition best serving the interests of the child and the public. Section 19–3–507(1)(a), C.R.S.2006; *People in Interest of D.R.W.,* 91 P.3d 453, 456 (Colo.App.2004). When the dispositional decree does not terminate the parent-child legal relationship, the trial court must approve an appropriate treatment plan. Section 19–3–508(1), C.R.S.2006. A treatment plan is appropriate if it "is reasonably calculated to render the particular [parent] fit to provide adequate parenting to the child within a reasonable time" and "relates to the child's needs." Section 19–1–103(10), C.R.S. 2006.

■ Where there is substantial compliance with the dependency or neglect statutes, a presumption arises that there is no prejudice to a parent in a termination hearing. *See C.S. v. People (In Interest of I.S.), supra,* 83 P.3d at 631.

Here, after continuing the adjudication, the trial court conducted a dispositional hearing and approved a treatment plan for mother. The plan addressed mother's problems by requiring that she (1) participate in individual therapy; (2) maintain safe, stable housing; (3) follow through with the children's therapy; and (4) cooperate and maintain contact with the department.

Thereafter, the continued adjudication was revoked because of mother's failure to maintain contact with the department and to comply with the therapy provisions of the treatment plan, and the children were adjudicated dependent or neglected. Although the adju-

dicatory order did not expressly continue the plan and a second dispositional hearing was not conducted, the record reveals that the department continued to provide services to facilitate the plan and that mother continued to make some effort to engage in those services. Thus, it appears that the prior approval of the treatment plan in consideration of the continued adjudication was sufficient without the need for a subsequent, amended plan. *See People in Interest of A.K.R.,* 765 P.2d 1031, 1033 (Colo.App.1988). Furthermore, orders entered after subsequent review hearings expressly provided that all prior orders of the court remained in full force and effect. Thus, the record establishes that the parties were aware that the plan continued to be in effect after the continued adjudication was revoked and the children were adjudicated dependent or neglected.

Unlike the situation in *People in Interest of D.R.W., supra,* mother's treatment plan here specifically addressed the parenting problems that gave rise to the children's adjudications. *See* § 19–1–103(10).

Therefore, we conclude that the proceeding was conducted in substantial compliance with the statutory requirements for termination and that mother's ability to preserve her parental rights was not prejudiced by the trial court's failure to conduct a dispositional hearing and approve a new treatment plan after the children were adjudicated dependent or neglected. *See C.S. v. People (In Interest of I.S.), supra,* 83 P.3d at 631. Accordingly, we reject mother's contention.

## III.

■ Finally, mother contends that the department failed to make reasonable efforts to rehabilitate her. She argues (1) that the caseworker did not address concerns about the family preservation services; (2) that funding to continue individual therapy with a provider she trusted was not provided; and (3) that the department did not investigate her history of seizures and the possible cognitive issues. We do not address this contention.

■ Failure to bring perceived deficiencies in the efforts made to rehabilitate the

parent to the trial court's attention prior to the termination hearing constitutes a waiver of the right to raise the issue on appeal. The parent must ensure that the steps taken to raise the issue are included in the record on appeal. *People in Interest of D.P.*, 160 P.3d 351 (Colo.App.2007).

The record here reveals that mother, who was represented by counsel, did not assert that the department's rehabilitative efforts were insufficient or request additional services at any time prior to the termination hearing. Having failed to do so, she may not raise this contention on appeal. *See People in Interest of D.P.*, *supra*.

The judgment is affirmed.

Judge VOGT and Judge HAWTHORNE concur.