186 P.3d 101 (2008)
The PEOPLE of the State of Colorado, Petitioner,
In the Interest of D.M. and D.S., Children, Upon the Petition of the Denver Department of Human Services, Petitioner-Appellee, and
Concerning V.L.M., Respondent-Appellant.
No. 07CA1647.
Colorado Court of Appeals, Div. VI.
April 17, 2008.
David R. Fine, City Attorney, Laura Grzetic Eibsen, Assistant City Attorney, Denver, Colorado, for Petitioner-Appellee.
Cynthia M. Mardian, Denver, Colorado, for Respondent-Appellant.
Opinion by Judge FURMAN.
V.L.M. (mother) appeals from the judgment terminating her parent-child legal relationship with her daughters, D.M. and D.S. We affirm.

I. First Petition on Appeal
The Denver Department of Human Services (Department) became involved with mother after it received a referral alleging that the minor children had been sexually molested by mother's then boyfriend, and that mother had admitted to using crack cocaine. Mother did not comply with her court-ordered treatment plan and moved to Texas, effectively abandoning the children.
Following a hearing, mother's parental rights were terminated.
*102 On appeal, mother's counsel filed a motion to withdraw, asserting that there were no viable appellate issues. This court denied that motion and sua sponte ordered counsel to file a petition, if appropriate, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See McCoy v. Court of Appeals, 486 U.S. 429, 439, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (Anders brief assists the court in making the critical determination as to whether the appeal is so frivolous that counsel should be permitted to withdraw); L.C. v. State, 963 P.2d 761, 764 (Utah Ct.App.1998) (applied Anders to indigent appellants in parental rights termination cases). Instead, counsel filed a petition stating "there are no legal or factual issues that might support the appeal."
C.A.R. 3.4(g) governs petitions on appeal in dependency and neglect proceedings. That rule provides in pertinent part:
The petition on appeal . . . shall include:
(A) A cover page containing the information set forth in C.A.R. 32(c);
(B) A statement of the nature of the case and the relief sought;
(C) The date the trial court order was entered;
(D) A concise statement of the material facts as they relate to the issues presented in the petition on appeal (references to page and line numbers in the record are not required);
(E) A concise statement of the legal issues presented for appeal, including a statement of how the issues arose (general conclusory statements such as "the trial court's ruling is not supported by the law or the evidence" are not acceptable);

(F) Supporting statutes, case law, or other legal authority for the issues raised, together with a statement of the legal proposition for which the legal authority stands and a concise explanation of its applicability to the issues presented on appeal; and
(G) Copies of the petition in dependency or neglect, the motion to terminate, the trial court's adjudicatory order and/or order of termination, and rulings on any post-trial motions.
C.A.R. 3.4(g)(3) (emphasis added).
Counsel's first petition did not comply with C.A.R. 3.4(g)(3). Normally, failure to comply with the mandatory language "shall" contained in C.A.R. 3.4(g)(3) will result in a dismissal of the petition. See People in Interest of D.B-J., 89 P.3d 530, 531 (Colo.App. 2004) (contention that does not identify supporting facts, or set forth supporting authorities, will not be addressed). However, no published case has applied that language to dismiss a petition. Therefore, a motions division of this court exercised its discretion, determined that additional briefing was necessary, and entered an order permitting counsel either to renew her request to withdraw or to file a petition that complied with C.A.R. 3.4(g)(3). See C.A.R. 3.4(j)(2) (court of appeals may order supplemental briefing on issues raised by the parties or noticed by the court).
Mother's counsel filed a second petition on appeal that complied with C.A.R. 3.4(g)(3). Therefore, we will address her second petition.

II. Second Petition on Appeal
In the second petition on appeal, mother contends the judgment must be reversed because (1) the motion to terminate parental rights was filed on October 12, 2006, and the termination hearing was held on July 25, 2007, which was more than 120 days after the motion was filed, and (2) the court did not make findings of good cause for the delay in holding the hearing. Although mother is correct about the timing, we disagree that reversal is required.
Section 19-3-602(1), C.R.S.2007, provides that if the child is under six years of age at the time the dependency and neglect petition is filed, the court shall hear the motion for termination within 120 days after the motion is filed, and shall not grant a delay unless good cause is shown and the child's best interests will be served by granting a delay. The court must set forth the specific reasons for the delay. § 19-3-104, C.R.S.2007.
*103 However, because the statutory time in which to conduct a termination hearing is not jurisdictional, failure to hold a hearing within 120 days does not warrant reversal. See People in Interest of T.E.H., 168 P.3d 5, 7-8 (Colo.App.2007).
Mother's contention that the juvenile court did not adequately find good cause for the delay likewise fails. The record shows the court granted three continuances of the termination hearing because two possible fathers for D.M. had been located and paternity tests were required. Thus, although the court did not use the words "good cause" in its orders, the record shows there was a valid reason for the delays. Moreover, mother never objected to any delay or lack of findings.
Because mother did not object, and the basis for the delay is apparent from the record, we conclude the juvenile court's failure to make express good cause or best interests findings does not require reversal. See id. at 7.
The judgment is affirmed.
Judge VOGT and Judge DAILEY concur.