**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of G.R.N.M., Child,**

**and**

**Concerning R.D.M., Respondent–Appellant.**

**No. 09CA1856.**

Colorado Court of Appeals, Div. I.

March 4, 2010.

David R. Fine, City Attorney, Laura Grzetic Eibsen, Assistant City Attorney, Denver, Colorado, for Petitioner–Appellee.

Terry Ross, Guardian Ad Litem.

Scott Poland, Lakewood, Colorado, for Respondent–Appellant.

Opinion by Judge BOORAS.

R.D.M. (mother) appeals from the judgment terminating the parent-child legal relationship with her son, G.R.N.M. We affirm.

### I. Adequacy of Petition

Preliminarily, we note that mother's petition on appeal does not comport with C.A.R. 3.4(g)(3)(E) and (F).

C.A.R. 3.4(g)(3)(E) requires that the petition on appeal must include a concise statement of the legal issues presented for appeal. That rule specifically states that "general conclusory statements such as 'the trial

court's ruling is not supported by the law or the evidence' are not acceptable." C.A.R. 3.4(g)(3)(F) requires that the petition also contain "[s]upporting statutes, case law, or other legal authority for the issues raised, together with a statement of the legal proposition for which the legal authority stands and a concise explanation of its applicability to the issues presented on appeal."

Mother's statement of her legal issue on appeal is simply, "The Petitioner failed to prove its case against R.D.M. by clear and convincing evidence." Although she includes several recitations of general legal principles followed by citations to cases, she does not include any explanation or discussion of how this authority applies to the facts of this case. She does not even identify which of the termination criteria she asserts was not proved here. This is not an acceptable way to advance an argument. *See Sioson v. Knights of Columbus*, 303 F.3d 458, 459–60 (2d Cir. 2002) ("To make a legal argument is to advance one's contentions by connecting law to facts.... The argument section of the appellant's brief develops not one 'contention' .... It references only case-law authorities, and never the requisite combination of authorities and putative facts. In short, it is a doctrinal recapitulation masquerading as a legal argument." (footnote omitted)).

Accordingly, we could decline to address mother's argument on appeal. *See People in Interest of D.M.*, 186 P.3d 101, 102 (Colo. App.2008). Nonetheless, we choose to exercise our discretion and address it on the merits because this appeal concerns mother's constitutional right to the care, custody, and control of her son, but caution counsel to comply with the rule in the future. *See Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (parents have a fundamental liberty interest in the care, custody, and control of their children).

## II. Termination Criteria

■ Mother asserts the department "failed to prove its case against [her] by clear and convincing evidence." We disagree.

■ To terminate parental rights under section 19–3–604(1)(c), C.R.S.2009, the court must find, supported by clear and convincing evidence, that (1) an appropriate, court-approved treatment plan has not been complied with by the parent or has not been successful in rehabilitating the parent; (2) the parent is unfit; and (3) the parent's conduct or condition is unlikely to change within a reasonable time. *People in Interest of C.H.*, 166 P.3d 288, 289 (Colo.App.2007).

■ Proof by "clear and convincing evidence" is proof which persuades the trier of fact that the truth of the contention is "highly probable." *People v. Taylor*, 618 P.2d 1127, 1136 (Colo.1980). It is also "free from serious or substantial doubt." *Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411, 414 (Colo.App.1995).

■ It is the parent's responsibility to secure compliance with and success of a treatment plan. *People in Interest of S.M.A.M.A.*, 172 P.3d 958, 962 (Colo.App. 2007). Absolute compliance is not required; however, partial or even substantial compliance may not be sufficient to correct or improve the parent's conduct or condition. *Id.*

An unfit parent is one whose condition or conduct renders him or her unable to give a child reasonable parental care. *People in Interest of D.P.*, 160 P.3d 351, 353 (Colo.App. 2007). In determining unfitness, the trial court may consider, among other things, whether the parent has been rehabilitated. § 19–3–604(2)(h), C.R.S.2009.

■ In determining whether a parent can become fit within a reasonable time, the court may consider whether any changes occurred during the dependency and neglect proceeding, the parent's social history, and the chronic or long-term nature of the parent's conduct or condition. *D.P.*, 160 P.3d at 353. A reasonable time is not an indefinite time, and it must be determined by considering the physical, mental, and emotional conditions and needs of the child. *People in Interest of A.J.*, 143 P.3d 1143, 1152 (Colo. App.2006).

■ The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and

conclusions to be drawn from it, are within the discretion of the trial court. Thus, a trial court's findings and conclusions will not be disturbed on review if the record supports them. *People in Interest of C.A.K.*, 652 P.2d 603, 613 (Colo.1982).

Here, the court found that mother had not reasonably complied with her treatment plan, specifically its substance abuse, mental health, or domestic violence components. Further, although mother cooperated with and attended family therapy, that therapy was not successful because treatment had been occurring for one year with no improvement. As a result of the lack of success in the treatment plan, the juvenile court concluded mother was unfit. The court further found that mother was unlikely to become fit within a reasonable period of time because G.R.N.M. had been out of the home for almost two years, there were "significant" unresolved issues, and mother had been unable to progress to unsupervised visits.

These findings are supported by the record. The caseworker testified that mother had not successfully complied with the mental health, substance abuse, and domestic violence components of the treatment plan. The caseworker stated that she was not a fit parent because she could not show she could provide a safe or stable home for G.R.N.M. According to the caseworker, mother's conduct or condition was unlikely to change even if she were given more time, because she had almost two years to show that she was clean and sober and had not shown that she maintained her sobriety.

The juvenile court found that mother took only two-thirds of the required drug tests. She was inconsistent in her treatment of her substance abuse issues and missed group and individual therapy sessions. The court noted that mother had last submitted a urinalysis (UA) almost five months before the hearing and that she had stopped submitting UAs after she was told that the UA would be observed and fully monitored.

Similarly, the juvenile court found that mother was inconsistent in her compliance or progress with mental health therapy. The juvenile court found that mother did not internalize the parenting instruction that was given, was unsuccessfully discharged from in-home services, and minimized the problems in her relationship with G.R.N.M. The court observed that mother did not acknowledge the domestic violence in her relationship and continued to have contact with the person who abused her.

Therefore, because evidence in the record supports the court's findings that mother had not successfully complied with her treatment plan, she was unfit, and her conduct or condition was unlikely to improve within a reasonable time, we may not disturb those findings on appeal. *See C.A.K.*, 652 P.2d at 613.

The judgment is affirmed.

Judge TAUBMAN and Judge DAILEY concur.