**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of T.L.D., a Child,**

**and Concerning A.R.D. and S.D., Respondents–Appellants.**

**No. 89CA0953.**

Colorado Court of Appeals,
Div. V.

March 28, 1991.

Robert J. Loew, County Atty., Gretchen Cooper, Asst. County Atty., Commerce City, for petitioner-appellee.

Rebecca Askew, Denver, Guardian Ad Litem.

Pamela K. Pritzel, Denver, for respondents-appellants.

Kathleen Wheeler, Lakewood, Guardian Ad Litem.

Opinion by Judge PLANK.

Father, S.D., and mother, A.R.D., appeal the judgment adjudicating their child, T.L.D., dependent and neglected. We vacate the judgment and remand with directions.

Prior to T.L.D.'s birth, A.R.D., while a resident of Adams County, gave birth to another child. At the time of that child's birth, Adams County Department of Social Services (ACDSS) petitioned for protective custody based upon A.R.D.'s limited intellectual abilities and her emotional problems stemming from physical and sexual abuse during her childhood. That child, who is not the child of S.D., was adjudicated dependent and neglected. Thereafter, A.R.D. married S.D. and they moved to Arapahoe County.

Subsequently, while both parents resided together in Arapahoe County, T.L.D. was born in that county. On the day of T.L.D.'s birth, ACDSS obtained a protective custody order from the Adams County Juvenile Court granting it the legal and physical custody of the T.L.D. Later, the dependency and neglect action was filed in Adams County Juvenile Court, resulting in the judgment now before us.

Initially, the respondents filed a motion to dismiss alleging lack of jurisdiction pursuant to § 19–3–201, C.R.S. (1986 Repl.Vol. 8B). The trial court treated this motion as one pursuant to C.R.C.P. 12, and, although ACDSS did not contest the facts alleged therein, it summarily denied it because the motion did not have supporting affidavits.

At trial, the respondents again asserted lack of jurisdiction based on residency. The trial court found Adams County the proper venue, reasoning first that T.L.D. had never resided in Arapahoe County because she had not left the hospital until placed in protective custody by ACDSS. Secondly, the trial court reasoned that the family was best known to ACDSS because of the ongoing jurisdiction involving the other child and that it would be unreasonable "to expect another social services department to be as concerned or to have the desire to pursue a new petition for the newly born child." The respondents moved for a change of venue to Arapahoe County after adjudication. This motion was denied.

The respondents contend the trial court proceeded without jurisdiction because neither the child nor the parents were residents of or present in Adams County. We agree.

The venue provision concerning dependent and neglected children is set forth in § 19–3–201:

"(1) All proceedings brought under this article shall be commenced in the county in which the child resides or is present. (2) When proceedings are commenced under this article in a county other than that of the child's residence, the court in which proceedings were initiated may, on its own motion or on the motion of any interested party, transfer the case to the court in the county where the child resides if adjudication has taken place and it finds that the transfer would not be detrimental to the best interests of the child."

In construing a statute, a court is to give effect to the intent of the General Assembly. Construction which defeats an obvious intent should be avoided. To determine intent, a court should look first to the language of the statute. Words should be given effect according to their ordinary meaning. If the language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. District Court*, 713 P.2d 918 (Colo.1986).

We conclude by reviewing the statute that the language is susceptible of only one interpretation. The word "shall" when used in a statute involves a "mandatory connotation." *People v. Guenther*, 740 P.2d 971 (Colo.1987). Thus, applying the plain meaning of words of the statute, we conclude that the phrase "shall be commenced in the county in which the child resides or is present" is subject only to one interpretation. The statute requires that actions be filed in either the county of the child's residence or in the county where the child is present.

Here, in the absence of a waiver by the parties, the trial court did not have discretion to maintain this case in Adams County. The trial court was required either to dismiss the petition in dependency and neglect or to transfer the petition to Arapahoe County. *Board of County Commissioners v. District Court*, 632 P.2d 1017 (Colo. 1981).

The judgment adjudicating T.L.D. dependent and neglected is vacated, and this cause is remanded with directions to transfer the case to Arapahoe County.

HUME and NEY, JJ., concur.