160 P.3d 351

The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of D.P., a Child, and
Concerning T.N. and T.P., Respondents-Appellants.

No. 06CA1808.

Colorado Court of Appeals, Div. III.

March 8, 2007.

[160 P.3d 353]
        Maurice Lyle Dechant, County Attorney, Andrea Nina Atencio, Assistant County Attorney, Grand Junction, Colorado, for Petitioner-Appellee.
        Rennard E. Hailey, Grand Junction, Colorado, for Respondent-Appellant T.N.
        Leigh C. Taylor, Grand Junction, Colorado, for Respondent-Appellant T.P.
        Opinion by Judge TAUBMAN.
 
        T.N. (father) and T.P. (mother) separately appeal from the judgment terminating their parent-child legal relationship with their son, D.P. We affirm.
        D.P. came to the attention of the Mesa County Department of Human Services (the department) when mother was found wandering the streets with him on a hot day. They had been wandering for several hours, during which he had not been changed or fed. The department filed a petition on the child's behalf.
        The department learned mother was developmentally delayed and father was low functioning. The parents had been receiving services from Mesa Developmental Services (MDS) to assist them with life skills and parenting during the year preceding the filing of the petition.
        Pursuant to stipulation, the court adjudicated D.P. to be dependent and neglected and contemporaneously adopted a treatment plan for each parent.
        Five months after the court approved the treatment plans, the department filed a motion to terminate the parent-child legal relationship. After a contested hearing, the court granted the motion.

I. Fitness Within a Reasonable Time

        Each parent asserts the court erred in terminating parental rights because the evidence did not support the finding that he or she was not fit or could not become fit within a reasonable time. We disagree.
        Section 19-3-604(1)(c), C.R.S.2006, provides for termination of parental rights after a child has been adjudicated dependent or neglected if the court finds the parent is unfit. People in Interest of A.M.D., 648 P.2d 625 (Colo.1982). We review the court's finding that a parent is unfit to determine whether the record supports it. People in Interest of B.C., 122 P.3d 1067 (Colo.App.2005).
        An unfit parent is one whose condition or conduct renders him or her unable to give a child reasonable parental care. People in Interest of M.T., 121 P.3d 309 (Colo.App. 2005). In determining unfitness, the trial court may consider whether a parent has been rehabilitated. Section 19-3-604(2)(h), C.R.S.2006. In determining whether a parent can become fit within a reasonable time, the court may consider whether any changes occurred during the dependency and neglect proceeding, the parent's social history, and the chronic or long-term nature of the parent's conduct or condition. People in Interest of D.L.C., 70 P.3d 584 (Colo.App.2003).
        The caseworker testified that neither parent was fit and that the parents could not meet the child's needs consistently or grow and change with him.
        The behavior and early childhood development specialist who worked with the family

160 P.3d 354

testified that neither parent could read D.P.'s cues or meet his needs. She observed "just minimal" improvement in their parenting skills in the two years she had been working with the family.
        The caseworker testified that D.P. needed the parents to become fit within one year or less. Father was unable to do so because, although he put forth maximum effort and completed his treatment plan, he had not corrected the problems that led to the department's involvement. His intellectual functioning prevented him from consistently meeting the child's cognitive, emotional, and social needs. The psychologist who evaluated the parents testified father could not parent D.P. because his personality disorder impaired his ability to be a minimally adequate parent.
        The caseworker testified mother could not become a fit parent within a reasonable time. According to the caseworker, mother's intellectual functioning and mental health issues limited her ability to recognize, and therefore meet, D.P.'s needs. Her abilities were unlikely to change in the future. The psychologist who evaluated the parents testified mother was unlikely to provide "minimally adequate care" for D.P. and she might not ever be able to parent the child.
        Thus, the evidence supports the court's finding that the parents were unfit. Because that finding has record support, we may not disturb it on appeal. See People in Interest of C.A.K., 652 P.2d 603 (Colo.1982).

II. Appropriateness of Treatment Plan

        Each parent asserts the evidence did not support the finding that his or her treatment plan was appropriate. We conclude each has waived the right to raise this argument.
        When a parent acquiesces in the treatment plan and does not request subsequent modification of it, he or she is precluded from challenging the appropriateness of the plan at the termination hearing. People in Interest of M.S., 129 P.3d 1086 (Colo.App. 2005).
        Here, the record shows the parents stipulated that the treatment plans were appropriate and were reasonably calculated to render each of them fit to provide adequate parenting within a reasonable time. There is no evidence that the parents subsequently complained about the adequacy of the plans or sought modification of them. The parents' acquiescence in, and subsequent failure to request modification of, the plans precludes them from arguing here that those plans were inappropriate.

III. Compliance with Treatment Plan

        Father asserts the court erred in terminating his parental rights because there was not clear and convincing evidence that he had not successfully complied with his treatment plan. We disagree.
        To terminate parental rights under Â§ 19-3-604(1)(c), the court must find, in part, that an appropriate treatment plan approved by the court has not been reasonably complied with by the parent or has not been successful. A treatment plan is successful if it renders a parent fit or corrects the conduct or condition that led to state intervention. People in Interest of C.A.K., supra. It is the parent's responsibility to ensure compliance with, and success of, the treatment plan. People in Interest of A.H., 736 P.2d 425 (Colo.App.1987).
        The plan is not necessarily inappropriate even if it fails to resolve the parent's problems or reunite the family. People in Interest of M.M., 726 P.2d 1108 (Colo.1986). Further, although a parent need not absolutely comply with the treatment plan, even substantial compliance may not sufficiently improve the parent's conduct such that the family may be reunited. People in Interest of M.T., supra.
        The caseworker testified the primary issue that needed to be addressed was whether father could meet D.P.'s needs. The plan addressed that issue by requiring him to undergo a psychological evaluation, a mental health assessment, and a "capacity to parent" evaluation. In creating the plan, she considered the other services he was receiving from MDS and the home health nurse, including assistance with parenting and life skills. The caseworker testified she was focusing on father's

160 P.3d 355

capacity to parent because he had not been benefiting from those services.
        The caseworker testified that, although father improved his parenting skills, she still had concerns about his ability to parent. He had difficulty applying what he had learned and, therefore, could not meet D.P.'s needs. He had not successfully addressed the problems that led to the department's involvement.
        Thus, the evidence supports the court's finding that father had not successfully complied with the plan. Consequently, we may not disturb it on appeal. See People in Interest of C.A.K., supra.

IV. Reasonable Efforts to Reunite Family

        Mother asserts the department did not make reasonable efforts to rehabilitate her and to reunite the family. We conclude mother has waived this argument.
        The state must make reasonable efforts to prevent out-of-home placement of abused or neglected children and reasonable efforts to reunite the family. Sections 19-1-103(89), 19-3-100.5, 19-3-604(2)(h), C.R.S. 2006; see People in Interest of J.M., 74 P.3d 475 (Colo.App.2003).
        The department must assess the family and develop a case plan for the provision of necessary services. Section 19-3-208(2)(b), C.R.S.2006. The department must also devise an appropriate treatment plan for the parent. Section 19-3-508(1)(e), C.R.S.2006.
        Statutory rights accorded to respondent parents in dependency and neglect proceedings are subject to waiver. See People in Interest of N.A.T., 134 P.3d 535 (Colo.App. 2006) (mother waived right to formal advisement, and that waiver encompassed right to be heard by judge rather than by magistrate); People in Interest of T.E.M., 124 P.3d 905 (Colo.App.2005) (same); People in Interest of L.A.C., 97 P.3d 363 (Colo.App.2004) (respondent mother waived right to counsel during initial hearing); People in Interest of T.L.D., 809 P.2d 1120 (Colo.App.1991) (statutory requirement that dependency and neglect proceeding be filed in county of child's residence or where child was present was subject to waiver). Similarly, in People in Interest of M.S., supra, a division of this court held that by stipulating to the appropriateness of the treatment plan at the time of its adoption by the court, the respondent father acquiesced in any inadequacies of the plan, and in that circumstance, was precluded from challenging the issue on appeal under the invited error doctrine.
        The crux of mother's argument is that the department did not make reasonable efforts to implement the treatment plan. Specifically, she asserts that even though the department was aware of her long-term mental illness and low functioning, it improperly left providing services for the family up to other agencies.
        However, because it is a parent's responsibility to secure compliance with and success of a treatment plan, he or she must bring any perceived deficiency in the department's efforts to rehabilitate and reunite the family to the trial court's attention. This may be done by filing a motion alleging that the department has not made reasonable efforts to assist the parent or by raising this issue at a review or other hearing before the trial court. Otherwise, the parent waives his or her right to raise the issue on appeal. See People in Interest of L.A.C., supra (right may be waived if not invoked in a timely manner).
        Further, the respondent parent's counsel must ensure that his or her steps to raise this issue in the trial court are included in the record on appeal.
        Had mother made a timely complaint about whether the department was making reasonable efforts to rehabilitate and reunite the family, the merits of her complaint could have been investigated. If so, appropriate action could have been taken in a timely manner sufficient to allow mother to complete the treatment plan. Simply stated, a parent cannot wait for months to alert the court to the issue of inadequate efforts to implement the plan.
        The record does not show mother complained about the efforts made by the department to implement the plan between the date of the adoption of the treatment plan and the

160 P.3d 356

date of the termination hearing. If mother believed the department was not making reasonable efforts to implement the plan, she needed to bring that issue to the court's attention before the termination hearing. Mother thus has waived this argument.

V. Less Drastic Alternative

        Each parent asserts the court erred in finding that there was no less drastic alternative to termination of parental rights and that termination of those rights was in D.P.'s best interests. We are not persuaded.
        In deciding whether to terminate parental rights, a trial court bases its decision on the best interests of the child. People in Interest of J.M.B., 60 P.3d 790 (Colo.App. 2002). In making that determination, the court gives primary consideration to the physical, mental, and emotional conditions and needs of the child. Section 19-3-604(3), C.R.S.2006.
        Implicit in the statutory scheme for termination set forth in Â§ 19-3-604(1)(c) is a requirement that the trial court consider and eliminate less drastic alternatives before entering an order of termination. People in Interest of D.B-J., 89 P.3d 530 (Colo.App. 2004). In considering less drastic alternatives, the court again must give primary consideration to the physical, mental, and emotional conditions and needs of the child. Section 19-3-604(3).
        Determining whether to order permanent placement as an alternative to termination depends on the child's best interests. Long-term or permanent placement may not be appropriate when it does not provide adequate permanence or otherwise meet the child's needs. People in Interest of T.E.M., supra.
        We may not disturb the trial court's findings and conclusions that no less drastic alternatives existed and that termination of parental rights was in the child's best interests if the record supports them. See People in Interest of M.B., 70 P.3d 618 (Colo.App. 2003).
        The caseworker testified that no family members could care for D.P. Neither an allocation of guardianship nor remaining in foster placement until the parents could improve was in the child's best interests because either left him in an indefinite placement. He needed stability and needed to know his needs would be met by a consistent caregiver without the possibility of being moved. The caseworker testified, in her expert opinion, that termination of parental rights was in the child's best interests.
        The court's findings that there was no less drastic alternative to termination of parental rights and that termination of parental rights was in D.P.'s best interests are supported by the record. Consequently, we may not disturb those findings on appeal. See People in Interest of M.B., supra.
        The judgment is affirmed.
        Judge WEBB and Judge ROMÃN concur.